In the Matter of the Estate of JOHN H. WHITE, Deceased.

MELISSA BAME WHITE, Appellant; JOHN WARD WHITE and Another, as Executors, etc., of JOHN H. WHITE, Deceased, Respondents.

Third Department, March 2, 1927.

Wills — construction — testator bequeathed to his wife " sum equal to her dower right in both my real and personal estate " — widow is entitled to cash equivalent of and in lieu of dower in real estate and to one-third of personal estate — decree should provide for election pursuant to Real Property Law, §§ 200, 201.

A clause in the testator's will bequeathing to his wife " a sum equal to her dower right in both my real and personal estate " is construed to give to the widow the cash equivalent of her dower right in the real estate and to bar her from any claim of dower therein and to give to her one-third of the personal estate.

Since a claim for actual dower would be inconsistent with and repugnant to the provisions of the will, the decree should provide for an election pursuant to sections 200 and 201 of the Real Property Law.

APPEAL by the petitioner, Melissa Bame White, from a decree of the Surrogate's Court of the county of Schenectady, entered in the office of said Surrogate's Court on the 10th day of June, 1926.

*Walter F. Wellman,* for the appellant.

*Naylon, Robinson, Maynard & Bates* [*Daniel Naylon, Jr.,* of counsel], for the respondents.

McCann, J. John H. White, a resident of the county of Schenectady, died on the 19th day of January, 1924, leaving a second wife and his son, John Ward White. He left a last will and testament which was duly admitted to probate on the 5th day of February, 1924. In paragraph 3 of said will he made a provision for his wife which reads as follows: " I give and bequeath to my wife, Melissa Bame White, a sum equal to her dower right in both my real and personal estate."

His widow petitioned the Surrogate's Court for the construction of said paragraph. Her petition showed that the value of the decedent's real property had been fixed by appraisal at $12,100 and the value of the decedent's personal property as also fixed by such appraisal at $27,997.32. Petitioner claimed the right to a sum of money equal to the value of her dower right in said real property as of the date of decedent's death, and in addition thereto the sum of $9,332.44, being one-third of the decedent's personal property. There are very few facts in the record aside from the statements in the briefs of counsel which show conditions existing which would have any bearing on the interpretation of the language of the said paragraph. At the close of the proceeding before the surrogate, a decree was entered construing said paragraph 3 to mean " that the said Melissa Bame White, the widow of said John H. White, shall receive from said executors of said estate, by virtue of said clause in said will, a sum of money payable out of the funds of said estate, which sum shall be equal in amount to the value in dollars and cents of her dower right in the real property of the decedent, figured as of the date of the decedent's death, in accordance with Rule of Civil Practice No. 243, and it is hereby further decreed and determined, that the payment of said sum by the executors, by virtue of said third clause in said will, pursuant to the provisions of this decree, shall and does not bar said widow of her right of dower in the real property of the decedent at the time of his death."

It thus appears that by said decree, the widow became entitled to her dower in her husband's real estate and in addition thereto a sum equivalent to the cash value of such dower, but that she was not entitled to any of his personal property. It is from such decree that this appeal is taken.

The first question to be determined is whether the testator intended that his wife's interest in his real estate should be limited to the cash value of her dower, or should be her legal dower and in addition thereto a sum equal to the computed cash value thereof. The language used in said paragraph is " a sum equal to her dower right in *both* my real and *personal* estate." The testator unquestion-

ably was under a misapprehension as to the legal meaning of the word " dower " as applied to his personal property. In case of intestacy the widow would receive her dower in the real estate and also one-third of the personal property. (See Real Prop. Law, § 190; Decedent Estate Law, § 98, subd. 1.) It is claimed by the appellant that it is exactly that interest that the testator intended to give to her under his will, except that such dower in his real property should be paid in cash.

Ordinarily the words used by the testator may be given their ordinary meaning, " but if giving words their primary signification will render a will not sensible or absurd, such meaning will not be followed." (*Matter of Kear*, 133 App. Div. 265, 267.)

" A failure to use appropriate technical language, or a misapplication of legal terms, will not defeat an intention clearly manifested and sufficiently disclosed by an examination of the will itself." (*Bliven* v. *Seymour*, 88 N. Y. 469; *Phillips* v. *Davies*, 92 id. 199.)

The foregoing authorities permit not only of an examination of the whole will, but authority to examine into all the surrounding conditions. On that theory, testimony of two witnesses was received. One was a domestic servant in the home of the testator. She testified to a conversation in which she heard the testator say to his wife " you will get your third." Another witness testified that the testator stated that there was an agreement between his wife and himself that his property should go to his family and her property to her family. I do not see just how this testimony aids in interpreting the language of the clause in question. While it is apparent that the testator was not familiar with the fact that there is no dower in personal property, it is also very probable that he might have known that in case of intestacy, his widow would receive not only her dower interest, but one-third of his personal property, and that he used the word " dower " as synonymous with the words " widow's interest " or " widow's rights." It is said in 19 Corpus Juris (p. 457): " (a) * * * The word ' dower,' in its ordinary acceptation, since its first introduction into this country, has been used synonymously with the word ' third,' so that by dower out of all lands of which the husband is seized, or is in coverture, is meant one-third of such land. * * *

" (b) * * * The words ' dower ' and ' thirds ' in themselves have each a uniform, established meaning both in law and in common usage, the former meaning a widow's life estate in one-third of the inheritable real estate of which the husband was seized during coverture, and the latter meaning her absolute estate in one-third of her husband's personal property remaining after payment of his debts."

This was clearly the intention of the testator. He meant that his widow should have her full rights in his real estate but preferred that she should have it in cash. He did not intend that she should have both her dower right and the cash equivalent thereof. As to the personal property it cannot be said, as found by the surrogate, that it was not intended that she should receive any part thereof, else why should he have used the words " personal estate?" The testator said that she should receive " a sum equal to her dower right *in both my real and personal* estate." He certainly intended that she should have some interest in his personal estate, and whether he meant she should have a sum equal to that which she would have received in case of intestacy, or meant to use the word " dower " as meaning a one-third interest, he accomplished the same result. Whichever was in the mind of the testator it is clear that he intended that his widow should have a one-third interest in his personal estate. His intent must be construed, therefore, as being that his wife should receive exactly what she would have received in case of intestacy except that her dower in his real estate should be in cash.

Having arrived at the foregoing conclusion, attention should be called to the general rule that unless a testator manifests his intention to deprive the widow of her dower either by express words or by necessary implication, she cannot be deprived of it by a testamentary provision in her favor, but if such intention is manifested, she is entitled to elect whether she will take the bequest or her dower. (*Matter of Gorden,* 172 N. Y. 25, and cases cited.) A claim for actual dower in this case would be inconsistent with and repugnant to the provisions of the will which gives her in cash the money value of her dower in the real estate. She cannot have both the actual dower and the value thereof. The decree, therefore, should provide for an election in accordance with the provisions of sections 200 and 201 of the Real Property Law.

The decree should be reversed on the law, and the matter remitted to the surrogate to make a decree in accordance with this opinion, with costs to the appellant and one bill of costs to the respondents, payable out of the estate.

VAN KIRK, Acting P. J., HINMAN and DAVIS, JJ., concur; WHITMYER, J., not voting.

Decree reversed on the law, and matter remitted to the surrogate to make a decree in accordance with the opinion, with costs to the appellant and one bill of costs to the respondents, payable out of the estate.