In the Matter of the Estate of HENRY B. BILLINGS, Deceased.

Surrogate's Court, Clinton County, January 13, 1931.

*George K. Large,* for the petitioner, Mae Taylor Higgins.

*Patrick J. Tierney,* for sole executor, Chester Billings.

*Irving I. Goldsmith,* for John Kopka.

*Harold A. Jerry,* special guardian for John F. Kopka and Richard J. Kopka, infants.

HARRINGTON, S. Decedent's will was construed by this court on August 6, 1930. (See *Matter of Billings,* 137 Misc. 758.) Thereafter the attorneys for the respective interested parties herein appeared in court to agree upon the form of the decree to be entered upon that decision. Counsel for Mae Taylor Higgins made an informal application to reopen the proceeding, pursuant to subdivision 6 of section 20 of the Surrogate's Court Act, on the ground of newly-discovered evidence, which he believed competent and material upon the construction to be placed upon paragraph 6 of decedent's will. The formality of the usual motion papers and moving affidavits was duly waived by counsel for the executor.

The basis for this application is as follows: It appears that two days prior to the time when decedent's will was prepared by counsel

for the executor and duly executed, testator dictated to Col. Charles Herrick, a personal friend, a proposed will. This dictation was taken in long hand by Colonel Herrick. On the following day Colonel Herrick copied this memorandum on a typewriter, the testator signed it and one person witnessed the signature. Whether it was declared by testator to be his will does not appear, but this is immaterial as in any event it could not be considered as a will as it was witnessed by only one person. Counsel for petitioner states that both the original memorandum and the typewritten copy thereof can be produced. It is alleged that these two documents contained, among other things, a paragraph reading as follows: " To Mae Taylor Higgins all dresses and jewelry knowing that she will distribute them as my dearly beloved wife would like to have them distributed."

It is not disputed that the above paragraph was the basis for the preparation of paragraph 6 of decedent's will by counsel for the executor herein. That paragraph reads as follows: " I give and bequeath to Mae Taylor Higgins all my deceased wife's dresses and jewelry to be distributed by said Mae Taylor Higgins as she understood they were to be distributed by my wife."

In construing paragraph 6, as above mentioned, I held that the words " to be distributed by said Mae Taylor Higgins as she understood they were to be distributed by my wife " were not precatory but mandatory; that they purported to create a trust; that as no beneficiaries were named, the trust was void and the property should become part of the residuary estate. (Matter of Billings, supra.) Assuming, as I must, that the allegations by counsel for petitioner relative to this matter will be substantiated by evidence if this application is granted, will such evidence be competent? If it is not competent, then this application should be denied, regardless of whether this court might place a different construction upon the language used by the testator in his original memorandum from that used in paragraph 6 of his will, for the first cannot be substituted for the latter, nor the latter construed in terms of the former, except pursuant to the rules of evidence that obtain in such cases. Briefly stated, counsel for petitioner proposes to show the intent of the testator as to the meaning of paragraph 6 of the will by offering in evidence a memorandum dictated by the testator two days prior to the execution of his will, covering the same subject-matter as mentioned in paragraph 6 of the will.

I had occasion in Matter of Milliette (123 Misc. 745, 750–753) to consider the matter of the admissibility of contemporaneous declarations of a testator relative to his intent in using the word " heirs." As therein stated, the only exceptions to the rule that

parol evidence may not be admitted to supply, contradict, enlarge or vary the words of a will, nor to explain the intention of the testator, are as follows: (1) When there is a latent ambiguity arising *dehors* the will as to the person or subject-matter to be described; (2) where there is a patent ambiguity which may be resolved by extrinsic evidence; (3) to rebut a resulting trust. It is clear that there is no latent ambiguity in paragraph 6 of the will. In fact counsel for the petitioner does not so contend. But he does urge that the proposed evidence is admissible to resolve a patent ambiguity and to rebut a resulting trust.

I do not believe that paragraph 6 of the will presents a patent ambiguity. By definition, a patent ambiguity is that which appears on the face of the instrument, and arises from the defective, obscure and insensible language used. (Black Law Dict.) Words cannot be said to be ambiguous unless their signification seems doubtful and uncertain to persons of competent skill and knowledge to understand them. (2 Story Cont. [4th ed.] 70, § 679.) A will is ambiguous only when after full consideration it is determined judicially that no interpretation can be given it. (Beale Rules Interp. 580.) The paragraph in question has been construed by this court and effect given to the testator's intent in the light of the language used by him. The words " to be distributed by said Mae Taylor Higgins as she understood they were to be distributed by my wife " were held to negative the idea that Mae Taylor Higgins was to retain for herself the subject of the gift. The uncertainty that exists is not the meaning of the words used by the testator but the persons who are to be the beneficiaries of the attempted trust. A similar construction of similar words was held in *Gross* v. *Moore* (68 Hun, 412; affd., on opinion below, 141 N. Y. 559). I do not, therefore, believe that the paragraph in question presents a patent ambiguity. It is of interest to note that all of the cases cited by counsel for Mae Taylor Higgins as examples of patent ambiguities are in fact latent ambiguities. In *Matter of Phipps* (214 N. Y. 378, 381) evidence was allowed to explain the meaning of " homestead farm." In *Matter of Kavanagh* (133 Misc. 399, 400) and in *West* v. *West* (215 App. Div. 285, 286) parol evidence was allowed to explain the meaning of " personal property; " and in *Matter of White* (219 App. Div. 502; affd., 245 N. Y. 587) such evidence was allowed to explain the meaning of " dower." Clearly, these cases are examples of latent ambiguities.

Is the proposed evidence admissible to rebut a resulting trust? This court has held that the language used in paragraph 6 manifested an intention, not to make a personal gift to Mae Taylor Higgins, but to create a trust for others. (*Matter of Billings,*

*supra.*) It is not an express trust. It is an implied trust, a trust resulting from implication of law. Counsel for petitioner urges that a trust should not be implied from the general language and apparent intention of testator, if the same will be invalid, on the theory that a trust should not be raised by construction only to be destroyed at the moment of its creation, citing *Smith* v. *Edwards* (88 N. Y. 92, 102) and *Trask* v. *Sturges* (170 id. 482, 496). I do not believe that these cases are in point with the case at bar. The language used in paragraph 6 clearly indicates that the gift was not intended for Mae Taylor Higgins but for others not clearly described. Because of this defect and without any competent evidence offered with respect to testator's intent, I cannot believe that a court should spell out from the language used by testator a gift to Mae Taylor Higgins, when the court does not believe any such gift was intended, in order to prevent the property mentioned therein from passing to the residuary legatees. The rule cited in these cases is a mere rule of construction, a guide to the court's interpretation of the testator's intention from the language used by him, unexplained by other evidence. It is not applicable in this case on the question of whether parol evidence is admissible to explain the language used for it does not fall within any of the three exceptions to the rule excluding parol evidence to explain the language of a will, as herein mentioned.

I believe, however, that the evidence sought to be admitted is proper for the purpose of rebutting the resulting trust heretofore held by this court to have been attempted to be created by the language used. The fact that the trust implied is held to be invalid for failure to designate the beneficiaries of the trust, does not, in my opinion, prevent the application of the rule that parol evidence is admissible to rebut a resulting trust. It would seem that if such parol evidence can be offered to rebut a resulting trust held to be valid, it should be allowed to rebut such a trust that is held to be invalid. In either case the purpose of allowing parol evidence to explain the language used would seem to be the same. An analysis of the cases cited by me as authority for my construction of paragraph 6 in my previous decision in this matter, indicates nothing to the contrary. In *Reynolds* v. *Reynolds* (224 N. Y. 429) parol evidence by the executor of the will as to the beneficiaries of the trust intended to be created was excluded. That was a case of an express trust, and not an implied trust. That case is, therefore, distinguishable from the present one, as parol evidence is never admissible to explain an imperfection or illegality of an express trust. (40 Cyc. 1429.) In *Gross* v. *Moore* (*supra*) the parol evidence offered was excluded as hearsay. In

none of the other cases cited by me in *Matter of Billings* (*supra,* 762) was any evidence offered to explain the language under construction. I believe that paragraph 6 of the will is an example of a resulting or implied trust. It is proposed to offer proof of the testator's intention as to the meaning of the paragraph in order to rebut the resulting trust implied by this court in the absence of any evidence as to the testator's intention. For this purpose the evidence is competent and should be allowed.

I am also of the opinion that the proposed evidence is material. Without attempting to decide at this time what construction should be given to the alleged memorandum of testator for paragraph 6 of the will, it is sufficient to say that a construction different from that arrived at might easily be placed on paragraph 6 of the will. *Prima facie* the two clauses are not so nearly alike as to justify this court in saying that each should receive the same construction. This should be reserved for future decision.

In this connection a case which would seem to be authority for excluding said evidence is *Dwight* v. *Fancher* (245 N. Y. 71, 74). In that case the court said: " Parol evidence is not admissible to show that the testatrix did not mean what she has said in words, though these words may have been chosen by the attorney who drafted the will rather than by the testatrix. (*Reynolds* v. *Robinson,* 82 N. Y. 103.) " It should be noted that in the above case and in the one therein cited there was no basis for the admission of parol evidence as in neither case was there a latent or patent ambiguity, or a resulting trust. For this reason the rule of construction therein mentioned is not applicable to the case at bar.

The application of petitioner is granted. Settle decision and prepare decree upon five days' notice.