THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANNA M. JONES (Mrs. WILLIAM B. JONES), Appellant.

County Court, Oneida County, October 31, 1939.

*Harold H. Hymes*, for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Frederick C. Barns, Deputy Attorney-General*, of counsel], for the respondent.

HANAGAN, J. The defendant Anna M. Jones, a housewife, residing at No. 17 Grandview avenue in the town of New Hartford, N. Y., was convicted in Justice of the Peace Court in said town of New Hartford of violating the Penal Law in that she failed to comply with subdivision 2 of section 196 of the Labor Law of this State. It was alleged that she did not pay wages due Catherine Gwilt for housework performed in the home of the defendant. The defendant was sentenced to the Oneida County Jail for one month, which was suspended, and she was placed on probation for one month to make restitution of five dollars and twenty-five cents to said Catherine Gwilt and was also ordered to pay a fine of twenty-five dollars. From this judgment of conviction the defendant appeals to this court.

It appears from the record that the defendant, a housewife, having her home at 17 Grandview avenue in the town of New Hartford, N. Y., telephoned the New York State employment office at Utica for a day worker in her home. In response to this telephone call, the said employment office sent the said Catherine Gwilt to the home of the defendant, where she performed work on October 20, 21 and 22, 1938. The complainant states that she was to be paid two dollars a day and carfare. A dispute arose as to the wages due the said Catherine Gwilt. As a result nothing has been paid her by the defendant. This criminal action followed.

Subdivision 2 of section 196 of the Labor Law provides: " Every person carrying on a business by lease or otherwise shall pay weekly to each employee the wages earned to a day not more than six days prior to the date of such payment." The question presented here is whether the defendant was engaged in carrying on a business within the meaning of the above statute.

Business is a very comprehensive term and embraces everything about which a person can be employed. (*Flint* v. *Stone Tracy Co.*, 220 U. S. 107, 171; *People ex rel. Parker Mills* v. *Commissioners of Taxes*, 23 N. Y. 242, 243, 244.) Business is defined as " That which occupies the time, attention, and labor of men for the purpose of livelihood or profit." (Bouvier's Law Dict. [3d Rawle's Rev.], p. 406.)

It has been generally held that one is " doing business " or " carrying on a business " when he is engaged in activities for the purpose of continued efforts in the pursuit of profit and gain and that such activities are essential to those purposes. (*Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503; *Flint* v. *Stone Tracy Co., supra; People ex rel. Tobacco & Allied Stocks* v. *Graves*, 250 App. Div. 149; *Matter of Green*, 192 id. 30.)

The record in this case shows that the defendant's activities were those of a housewife maintaining her home. Maintaining a home is a domestic activity and excludes the idea of carrying on a business unless one pursues his vocation or calling within his home. There is no evidence that the defendant was carrying on a business at her residence within the meaning of the above definition. The keeping of a home for herself and family is a domestic activity and has none of the elements of carrying on a business in the sense that the expression is used in the statute. It follows that the defendant was not carrying on a business at her domicile within the meaning of subdivision 2 of section 196 of the Labor Law. The judgment of conviction is reversed and the defendant discharged.

Ordered accordingly.