Francis J. Donovan, J.
In this action plaintiff, a domestic, sues to recover a balance of wages due. The period of employment was unsatisfactory both to the employer and the employee. There is a sharp disagreement as to the hours, quality and quantity of work performed. After the dispute defendant paid $8.03 to the plaintiff and plaintiff signed a receipt which is a general release. The $8.03 was the difference remaining after several deductions made by defendant from the basic wage agreed upon.
I find that the services rendered were reasonably compensated by the payment made by the employer and that the release constitutes an accord and satisfaction between the parties with the exception of a single deduction of $30.88.
*254 The hiring was done through the medium of an employment agency. The agency charged a fee of $38.88 to the employer and a similar amount to the employee. The employer paid her own fee and advanced to the agency $30.88 on account of the employee’s fee. The additional $8 was paid by the employee herself. I find the advance and deduction of $30.88 to be an illegal assignment of future wages.
Section 197 of the Labor Law specifically prohibits an advance which is to be recouped by the employer. Prior to 1956 there may have been some doubt as to whether a housewife employing a domestic was an employer as that term is defined in section 197 of the Labor Law (People v. Jones, 172 Misc. 368). However, chapter 539 of the Laws of 1956 added a new section 196-c to the Labor Law. In this new section the term 1 ‘ employer ’ ’ was enlarged to include a person employing any individual in any “ occupation, industry, trade, business, or service.” The new section 196-c further provides that wages and salaries described in that section should be deemed wages of employees within the meaning of all the sections embodied in article 6 of the Labor Law with the exception of sections 195, 196 and 196-a. Since section 197 is not within the last-enumerated exceptions, I find that section 197 is applicable in the case of a housewife employing a domestic and the advance of the employee’s fee deducted from the employee’s wages by the employer is illegal.
Accordingly plaintiff may have judgment against the defendant in the sum of $30.88, with costs.