Lawrence H. Cooke, J.
In this action by a judgment creditor, based on an insurance policy with liability coverage which defendant had issued, and concerning which it is claimed that the judgment debtor against whom plaintiff obtained his judgment is an insured, defendant moves for summary judgment.
Lewis Burgess sustained serious leg injuries on June 30, 1962 while upon a parcel near Bolton Landing owned by plaintiff Joseph R. Fadden and Eleanor T. Fadden, husband and wife, and when struck by a power saw operated by their 15-year-old son Joseph R. Fadden, Jr. Suit was instituted against the father and son, resulting in a verdict and judgment in favor of Burgess, and, upon affirmance, judgment was entered jointly against both defendants therein for $35,331.89. Said sum was paid by the elder Fadden and an order and judgment have been entered pursuant to CPLR 1401, in the latter of which it was adjudged that Joseph R. Fadden recover of Joseph R. Fadden, Jr. the sum of $17,665.80.
A judgment creditor, seeking to enforce a policy insuring the judgment debtor against liability, stands in the shoes of the assured and can recover against the insurer only if the assured could recover under the terms of the policy (Insurance Law, § 167; Wenig v. Glens Falls Ind. Co., 294 N. Y. 195, 198-199).
Defendant issued to Joseph R. Fadden, plaintiff herein, and Eleanor T. Fadden, residents of Syracuse, an insurance policy commonly known as a “ Homeowners Policy ”, which policy contained provisions for coverage for ‘ ‘ comprehensive personal liability ”, the term thereof being for three years from October 13, 1960. Under ‘ ‘ section ii ’ ’ relating to said liability coverage and under the heading ‘‘Definition of Insured”, it was stated: “ The unqualified word ‘ Insured ’ includes (a) the named insured, (b) if residents of his household, his spouse, the relatives of either and any other person under the age of 21 in the care of an Insured. ’ ’ By virtue of an “ amendatory endorsement ” and under the policy it was provided that liability coverage did not apply “ (1) to any business pursuits of an insured, other than activities therein which are ordinarily incident to non-business pursuits, (2) to the rendering of any *860 professional service or the omission thereof, or (3) to any act or omission in connection with premises, other than as defined, which are owned, rented or controlled by an insured, but this subdivision (3) does not apply with respect to bodily injury to, or sickness, disease or death of a residence employee arising out of and in the course of his employment by the insured.”
The record of the Burgess trial has been submitted and defendant urges that the charge to the jury that the work of the son resulting in injuries to Burgess was ‘ ‘ in the furtherance of the father’s business venture there ” and that the only ground on which the liability of the father was predicated was that of principal and agent, no exception having been taken thereto, became the law of the case. Parenthetically, the doctrine of the law of the case applies to various stages of the same litigation, not two different litigations, and its purpose is to avoid the retrial of issues already determined in the same case (Walker v. Gerli, 257 App. Div. 249, 251; Hornstein v. Podwits, 229 App. Div. 167, 169, affd. 254 N. Y. 443; Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308; Werthner v. Olenin, 186 Misc. 829, 831, affd. 272 App. Div. 798; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.09; 1 Carmody-Wait 2d, New York Practice § 2:64; 21 C. J. S., Courts, § 195).
It is clear that Joseph R. Fadden, Jr. came within the policy definition of ‘Insured ’ ’, by virtue of being at the time of the accident 15 years of age and under the care of, a son of and a resident in the household of his father, a named insured. However, defendant contends that, “ since the jury verdict and the charge of the court fully settled the question that Joseph R. Fadden, Jr. was acting as an agent of his father in a business venture at the time the tort occurred ’ ’, the exclusion regarding business pursuits applied and there was no liability coverage as to the son. The doctrine of res judicata, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is binding upon the parties and their privies in all other actions or suits on points and matters litigated and adjudicated in the first suit or which might have been litigated therein (Israel v. Wood Dolson Co., 1 N Y 2d 116, 118). The doctrine of collateral estoppel, essentially a rule of justice and fairness, involves the rule of public policy that a question once tried out should not be relitigated between the same parties or their privies (Commissioners of State Ins. Fund v. Low, 3 N Y 2d 590, 595). In this situation, by virtue of the indemnitor-indemnitee relationship existing between an insurer and an insured, defendant here (the insurer) was in *861 privity with defendant Joseph B. Fadden, Jr. (an insured) in the Burgess action for purposes of the collateral estoppel doctrine, particularly where the insurer conducted the defense of said suit (Hinchey v. Sellers, 7 N Y 2d 287, 295; cf. Town of Newfane v. Merchants Mut. Cas. Co., 10 Misc 2d 163, 166-167; Abrams v. Maryland Cas. Co., 98 N. Y. S. 2d 520; 20 Appleman, Insurance Law and Practice, § 11521). While it may have been decided in the previous action that the son was the agent of the father in furtherance of the father’s business venture at the time of the tort, the question as to the policy exclusion was not and could not have been determined there.
Does the clause excluding coverage “ to any business pursuit of an insured ” deny coverage to an insured because of a business pursuit of any other insured or is it confined solely to a business pursuit of the particular insured in question?
As a general rule, the construction of a written contract of insurance is a matter of law to be determined by the court, but, when the language employed is not free from ambiguity, the intent of the parties becomes a matter of inquiry and the interpretation of the language used is a mixed question of law and fact (Lachs v. Fidelity & Cas. Co. of N. Y., 306 N. Y. 357, 364; Gearns v. Commercial Cable Co., 293 N. Y. 105, 109; Brainard v. New York Cent. R. R. Co., 242 N. Y. 125, 133; Kenyon v. Knights Templar & Masonic Mut. Aid Assn., 122 N. Y. 247, 254; Ruggieri v. New Amsterdam Cas. Co., 276 App. Div. 1031; 29 N. Y. Jur., Insurance, § 593). A contract is ambiguous when it contains language which may be interpreted more than one way and there is nothing to indicate which meaning is intended or where there is contradictory or necessarily inconsistent language in different portions of the instrument (Travelers Ins. Co. v. Castro, 341 F. 2d 882, 884; Anchin, Block & Anchin v. Pennsylvania Coal & Coke Corp., 284 App. Div. 940, affd. 308 N. Y. 985). It has been stated that words cannot be said to be ambiguous unless their signification seems doubtful and uncertain to persons of competent skill and knowledge to understand them (Matter of Billings, 139 Misc. 496, 499; Matter of Milliette, 123 Misc. 745, 752; Bouvier’s Law Dictionary [Baldwin’s Cent. Ed.], p. 69; cf. Fisch, New York Evidence, p. 37) and, if from a consideration of the entire contract, the court concludes that the controversial words are only capable of one interpretation, there is no ambiguity {Buchanan v. Swift, 130 F. 2d 483, 485). Where the intention of the parties may be gathered from the four corners of the instrument, interpretation of the contract is a question of law and no trial is necessary to determine the *862 legal effect of the contract (Stone v. Goodson, 8 N Y 2d 8, 13; Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 460; General Phoenix Corp. v. Cabot, 300 N. Y. 87, 92).
Here, the signification of the words employed in the exclusionary clause is not doubtful or uncertain and they are capable of only one interpretation, since, under the ‘ ‘ separability ’ ’ doctrine, the proper view of the policy under consideration is that by it the defendant has undertaken separate and distinct obligations to the various insureds, named and additional, and a tort committed in furtherance of a business pursuit of one insured relieves the defendant insurer of its obligation to that particular insured but not of its obligations to the other insureds (Greaves v. Public Serv. Mut. Ins. Co., 5 N Y 2d 120, 124-125; Morgan v. Greater N. Y. Taxpayers Mut. Ins. Assn., 305 N. Y. 243, 248-249). The argument that an additional insured could not have more protection under a liability policy than the named insured has been rejected (City of Albany v. Standard Acc. Ins. Co., 7 N Y 2d 422, 433). This reasoning likewise applies to the exclusionary clause as “to any act or omission in connection with premises * * * which are owned, rented, or controlled by an insured. ’ ’
Here, also, the salient facts are not in dispute. Defendant agrees in this regard since its moving affidavit states ‘ ‘ there is no issue to be tried ’ ’ and its brief contains a statement to the same effect. If no material issue of fact is presented and the record contains a sufficient showing of undisputed facts to permit the issues to be determined as a matter of law, summary judgment is proper as same is not prevented by issue of law (Town of Harrison v. County of Westchester, 13 A D 2d 708; Orange County Trust Co. v. Merchants Acceptance Corp., 279 App. Div. 689; Goodwill Adv. Co. v. State Liq. Auth., 40 Misc 2d 886, 888, affd. 19 A D 2d 928; Oneida Nat. Bank & Trust Co. v. Conte, 32 Misc 2d 368, 372; Coutts v. Kraft & Bros. Co., 119 Misc. 260, 261, affd. 206 App. Div. 625; 6 Carmody-Wait 2d, New York Practice, § 39:11).
It is clear that at the time of the tort Joseph R Fadden, Jr. was not engaged in a business pursuit of his own. To constitute a business pursuit, there must be two elements: first, continuity, and, secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements (Home Ins. Co. v. Aurigemma, 45 Misc 2d 875, 879-880; cf. Von Baumbach v. Sargent Land Co., 242 U. S. *863 503, 516; Matter of Steinbeck v. Gerosa, 4 N Y 2d 302, 308; People v. Kaplan, 8 A D 2d 163, 164; People v. Jones, 172 Misc. 368). The proof submitted shows that said individual was 15 years of age, attending school until about 9 days before the accident, had used the power saw a total of only 4 to 6 times for a few minutes each time prior to the accident, received no pay, that the tenting and trailer spot business was not his, and that he asked Burgess, an independent contractor (22 A D 2d 713, 714) who had been hired by the father to clear off land, if he wanted help. Here, there is no proof of continuity or the profit motive and the proof submitted demonstrates the contrary. The son could have been the agent of his father but, under the clear meaning of the terms employed by the insurer and as they are commonly understood by the policyholder of ordinary intelligence, he was not engaged in his own business pursuit and coverage cannot be denied in this respect.
Neither did Joseph R. Fadden, Jr. render or fail to render professional service (cf. Matter of Steinbeck v. Gerosa, 4 N Y 2d 302, 308, supra; Glushak v. City of New York, 6 A D 2d 381) at the time of the accident nor did the tort relate to any act or omission in connection with any premises, defined or otherwise, which were owned, rented or controlled by him.
Joseph R. Fadden, Jr. is an insured under the policy and, under the law and based on the undisputed facts submitted, the policy exclusions do not bar liability coverage as to him regarding the incident in question. Defendant’s motion is denied and summary judgment is directed in favor of plaintiff against defendant for the relief demanded in the complaint (see CPLR 3212, subd. [b]).