A. Franklin Mahoney, J.
The plaintiff in the proceeding before the court is a named defendant in an action fox false arxest and malicious prosecution. In that action the defendant (plaintiff herein) answered and sought to implead the defendant as his insurer and responsible for any recovery against him resulting from the action for false arrest, etc. Section 6.5 of the conditions of the policy issued by defendant to the plaintiff immunized defendant against impleader. Accordingly, the parties herein stipulated to sever the impleader cross claim from the action for false arrest, etc. and to treat it as an action for a declaratory judgment defining the rights of the parties herein, as insured and insurer, under the terms of the policy. In this context the defendant carrier moves for summary judgment* alleging that the acts of plaintiff giving rise to the action for false arrest were performed as a ‘1 business pursuit” of plaintiff and not covered by the terms of the policy.
The resolution of the issue requires a construction of the policy issued by .¿Etna to the plaintiff which, in turn, requires a brief recitation of the factual background.
In December, 1964, David Levinson, the plaintiff herein, was operating the Algiers Hotel in Miami Beach, Florida, for the corporate owners. Mr. Levinson authorized the hotel to extend credit to a Mr. Kessler, a guest, by cashing his checks. The hotel did. Checks, totalling $5,600, were dishonored by Kessler’s drawee bank. Mr. Levinson paid the total of the bad checks to the corporate hotel owner from his own funds, it being the policy of the hotel management that personal responsibility devolved on any employee who authorized credit by the medium of check cashing. The debt of Kessler was assigned by the hotel to Levinson. On August 6, 1965 debtor Kessler went to Levinson’s office to pay the debt and redeem certain paintings he had bailed to Levinson as security for the debt. Kessler gave Levinson a check, retrieved the paintings, left and the check “bounced”. A period of over one year passed during which Kessler made several oral promises *981 to pay the debt. He made no payments. On August 3, 1966 Levinson laid an information against Kessler and he was arrested. Kessler has sued Levinson and another for false arrest.
The plaintiff herein, Mr. Levinson, contends that he was not engaged in any “business pursuit” when he took the steps resulting in the arrest of Kessler. Section 3.1 (subd. [g], par. [2]) of -¿Etna’s policy provides that the coverage does not apply to ‘ ‘ business pursuits ”. “ Business ’ ’ is defined in section I of the policy as “Any gainful employment, trade, occupation or enterprise, other than farming”. It is the insurer’s burden on this motion to prove not only that the words and phrases used in the policy are susceptible to the exclusionary construction it seeks 11 but that it is the only construction that can fairly be placed thereon”. (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49; Utica Carting, Stor. & Contr. Co. v. World Fire & Mar. Ins. Co., 277 App. Div. 483, 488.) However, in my view, we are not concerned with the construction of the policy language nor with those rules of construction requiring ambiguities to be resolved favorably to the insured (Hartol Prods. Corp. v. Prudential Ins. Co., supra). The exclusionary language of the policy in question is clear and capable of only one construction. It excludes coverage while the insured is engaged in “ business pursuits ” as defined in the policy.
Here, the facts are not in dispute. The proof submitted shows that Levinson authorized the hotel to cash Kessler’s "checks. When they were dishonored Levinson paid the hotel and accepted an assignment of the debt. At this juncture, in my view, the creditor-debtor relationship became personal and moved outside the business relationship between Levinson and his employer. From that point forward no act of Levinson could bind or affect his employer. The hotel, having been paid, was no longer interested in Kessler. Levinson, quite naturally, sought repayment of the debt but his conduct in attempting to achieve that purpose was ultra vires his employment. It has been said activity constituting a “business pursuit ” must be distinguished by the elements of continuity and the profit motive. (Home Ins. Co. v. Aurigemma, 45 Misc 2d 875; Fadden v. Cambridge Mut. Fire Ins. Co., 51 Misc 2d 858.) Clearly, there is a lack of continuity in the activities of Levinson as a hotel employee and Levinson personally. Next, Levinson only sought to recover his loss. He was not seeking a profit.
*982 In my view, the facts do not place the activities or conduct of Levinson resulting in the arrest of Kessler within the exclusionary provisions of movant’s policy. He was not engaged in a ‘ ‘ business pursuit ’ ’.
Motion for summary judgment is denied.

 There is no dispute as to the facts. Provisions of CPLR 3213 are applicable in a declaratory judgment action.