STATE MUTUAL CYCLONE INSURANCE COMPANY v ABBOTT

1. DECLARATORY JUDGMENT—ACTUAL CONTROVERSY.

The existence of an actual controversy is a condition precedent to granting a declaratory judgment (GCR 1963, 521.1).

2. JUDGMENT—INSURANCE—PRINCIPAL ACTION—DUTY TO DEFEND—MOOTNESS.

A judgment of no cause of action in a principal action did not render moot a controversy between an insured and his insurer over the issue of policy coverage, since the question of liability for costs of defense on the principal action remained open.

3. DECLARATORY JUDGMENT—REMEDIES—COURT RULES.

The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate (GCR 1963, 521.3).

4. INSURANCE—EXCLUSIONS—BUSINESS PURSUITS—DUTY TO DEFEND.

An insurer had no duty to defend an insured for damages resulting from injuries caused by a horse which the insured, while engaged in his part-time, self-employed business as a farrier, struck with a rasp for disciplinary purposes, where a special exclusion of the policy provided that it does not apply to any business pursuit of the insured; striking a horse for disciplinary purposes was activity connected with the business, since the animal's cooperation is necessary in shoeing, and was not an activity "ordinarily incident to non-business pursuits".

Appeal from Genesee, Philip C. Elliott, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Declaratory Judgments §§ 10–12.

[2] 44 Am Jur 2d, Insurance §§ 1685–1688.
Liability insurer's liability for interest and costs on excess of judgment over policy limit. 76 ALR2d 983.

[3] 22 Am Jur 2d, Declaratory Judgments §§ 14, 15.
Right to declaratory relief as affected by existence of other remedy. 172 ALR 847.

[4] 44 Am Jur 2d, Insurance § 1538.

mitted Division 2 February 12, 1974, at Detroit. (Docket No. 17175.) Decided March 7, 1974.

Complaint by State Mutual Cyclone Insurance Company against Morris A. Abbott, Thelma Abbott, Ray K. Noonon, and Judith Noonon for declaratory judgment finding it had no duty to defend or pay damages possibly assessable against its insureds in a pending negligence action. Judgment for defendants. Plaintiff appeals. Reversed.

*Robert P. Keil,* for plaintiff.

*Walter L. Leech,* for defendants Morris A. Abbott and Thelma Abbott.

*Benton, Hicks, Beltz, Behm & Nickola,* for defendants Ray K. Noonon and Judith Noonon.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

J. H. GILLIS, P. J. State Mutual Cyclone Insurance Co. sought a declaratory judgment finding it had no duty to defend or pay damages possibly assessable against its insureds, Morris and Thelma Abbott, in a pending negligence action. State Mutual maintained that if its insured Morris Abbott did strike a spooky horse with a rasp, homeowner's policy coverage was excluded. The insurer claimed such activity would be pursuant to Abbott's horseshoeing business and not "ordinarily incident to nonbusiness pursuits". The trial court, after a verdict for defendant Abbott in the principal action, found a duty to defend Mr. Abbott, because his alleged activity would have been "ordinarily incident to nonbusiness pursuits", where the policy

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

specifically excepted from the exclusion of coverage for business pursuits.[1]

First, we decline to hold that the verdict of no cause of action rendered the issue of policy coverage moot. The existence of an actual controversy is a condition precedent to granting a declaratory judgment. GCR 1963, 521.1. Contrary to plaintiff's view, the judgment of no cause of action in the principal action did not render the controversy nonexistent. Quite simply, the question of liability for costs of defending the action remained to be resolved.

2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 687, states:

"Sub-rule 521.3 expressly repeals this restrictive construction on the old statute. It provides that 'the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.'

"One type of case which will be affected by this change is that of the liability insurer seeking declaratory relief on a disputed issue of coverage."

The trial court correctly decided that the question of Mr. Abbott's coverage was not moot, since the question of liability for costs of defense remained and remains open.

• Next, plaintiff asserts that the trial court erroneously ruled that State Mutual Cyclone Insurance Co. had a duty to defend its insured. We agree.

The policy provisions relevant to this dispute include in part:

"Coverage E-Personal Liability:
"(a) Liability:

---

[1] The duty to defendant Mrs. Abbott is not in dispute.

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the *company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy,* even if any of the allegations of the suit are groundless, false or fraudulent; but the company may make such investigation and settlement of any claim or suit as it deems expedient." (Emphasis supplied.)

The special exclusion states:

" * * * [D]oes *not apply (a)(1) to any business pursuit* of an insured except under coverage E or F,[2] *activities therein which are ordinarily incident to non-business pursuits.*" (Emphasis supplied.)

Defendants argue that the language of the exclusion, *supra,* is ambiguous, and, therefore, must be interpreted against the draftsman. While another panel of this Court has reached the opposite result,[3] we conclude, with the California courts, that the language is unequivocal if difficult to apply. We find no ambiguity because the policy did not define more precisely the class of risks involved. That, it seems, is a question resolvable only in specific factual contexts.

Nor do we believe that the insurer undertook an absolute duty to defend, as in *Zurich Insurance Co v Rombough,* 384 Mich 228; 180 NW2d 775 (1970), and *City Poultry and Egg Co v Hawkeye Casualty Co,* 297 Mich 509; 298 NW 114 (1941). The policy language which requires the insurer to defend any suit "seeking damages which are payable *under*

---

[2] Coverage E is personal liability; coverage F is personal medical payments.

[3] *See, e.g., Michigan Mutual Liability Co v Ferguson,* 15 Mich App 298; 166 NW2d 525 (1968).

*the terms of this policy"* clearly limits the insurer's duty to defend.

"We start with the proposition that the policy covers activities which, although they occur while the insured is engaged in a business pursuit, are ordinarily incident to a non-business pursuit." *Crane v State Farm Fire and Casualty Co,* 5 Cal 3rd 112, 116; 95 Cal Rptr 513, 514–515; 485 P2d 1129, 1130–1131 (1971).

The stipulated facts reveal that on June 23, 1969, defendant Morris Abbott was engaged in his part-time, self-employed business as a farrier. Defendant Judith Noonon claimed that while shoeing Noonons' horse, Abbott struck the horse in the rib cage with the sharp end of a rasp causing her to rear, striking and injuring Mr. Noonon. The parties agree that Mr. Abbott had been engaged to shoe the horse for monetary consideration.

In *Salerno v Western Casualty & Surety Co,* 336 F2d 14 (CA 8, 1964), "business pursuit" was broadly defined.

"It can only be construed as embracing everything about which a person may be engaged where profit is a motive." *Salerno v Western Casualty and Surety Co, supra,* 19.

Applying that test, we think *Morrill v Gallagher,* 370 Mich 578; 122 NW2d 687 (1963), in which the insured threw a cherry bomb at his employee on business premises, and *Michigan Mutual Liability Co v Ferguson,* 15 Mich App 298; 166 NW2d 525 (1968), in which the insured threw a broken shovel from the roof of his business premises, are distinguishable since the activities were not even arguably pursued for a profit motive. We think that striking a horse with a rasp for disciplinary purposes is activity connected with his busi-

ness, since the animal's cooperation is necessary in shoeing.

In *Home Insurance Co v Aurigemma,* 45 Misc 2d 875, 880; 257 NYS2d 980, 986 (1965), the Court defined business pursuits, after exploring relevant authorities:

"There can be no dispute that the definitions announced for *[sic]* by laymen and those applied by the courts have in common the aforesaid *two factors of continuity and profit motive.* Without these, neither laymen nor jurist would call the rendition of service a business pursuit."

Again, *Fadden v Cambridge Mutual Fire Insurance Co,* 51 Misc 2d 858, 862; 274 NYS2d 235, 241 (1966), holds:

"To constitute a business pursuit, there must be two elements: first, continuity, and secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transactions or engagements."

Merely showing that striking a horse with a rasp would be cruel, unbusinesslike, and out of the ordinary does not make that activity "ordinarily incident to nonbusiness pursuits". The proofs submitted showed that Mr. Abbott was customarily employed as a farrier for profit. Both prongs of the "business pursuit" test were met. The insurer proved that the policy provided no coverage for this activity. The trial judge erroneously ruled that the insurer was obligated to defend and pay damages. Morris Abbott is thus liable for the costs of his defense.

Reversed. Costs to plaintiff.

All concurred.