LEBOW ASSOCIATES, INC., Plaintiff,

and

The Detroit Bank & Trust Company, Intervenor-Plaintiff,

v.

AVEMCO INSURANCE COMPANY, Defendant.

Civ. A. No. 5–71256.

United States District Court, E. D. Michigan, S. D.

Nov. 15, 1977.

Merle R. Jenkins, Jenkins, Fortescue, Miller & Nystrom, Southfield, Mich., for Lebow Associates.

Walter S. Nussbaum, Nussbaum, McEvoy & Adler, Southfield, Mich., for The Detroit Bank & Trust Co.

Richard A. Harvey, Harvey, Kruse & Westen, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

In this action plaintiffs seek a declaration of their rights under an aircraft insurance policy issued by defendant. The occurrence giving rise to this diversity lawsuit was an airplane crash which killed two individuals, Charles E. Storie and Milton J. Lebow, and which precipitated an underlying wrongful death action by the administratrix of the estate of Storie against, amongst others, the intervening plaintiff Detroit Bank & Trust Company ("Detroit Bank"). Lebow Associates is a third party defendant in this same wrongful death action. Detroit Bank is the executor of Lebow's estate. Lebow Associates is the lessor of the airplane, an insured party under the insurance policy and the employer of Storie and Lebow. Avemco Insurance Company ("Avemco") issued the aircraft insurance policy.

Plaintiff Lebow Associates moves for summary judgment on its complaint for a declaratory order stating that under the terms of its aircraft lease with Southfield and its insurance contract with Avemco it is not vicariously liable, through the third party action, to the estate of Storie. Lebow Associates also seeks to establish its right to reimbursement, under the terms of the aircraft insurance policy issued by Avemco, for attorneys' fees incurred to defend against the third party claim in the underlying wrongful death action. Intervenor-plaintiff Detroit Bank similarly moves for summary judgment on its complaint for a declaratory order establishing its right to reimbursement from Avemco for attorneys' fees incurred to defend against the underlying wrongful death claim. Avemco, by its motion for summary judgment, seeks a declaratory order establishing the vicarious liability of Lebow Associates to the estate of Storie and its own non-liability for the attorneys' fees of Lebow Associates and Detroit Bank.

For the reasons set forth herein, the motions of Lebow Associates and Detroit Bank are granted.

In January of 1974, a Beech aircraft leased by Lebow Associates from Southfield Leasing ("Southfield") crashed in Ohio. The pilot, Lebow, and a passenger, Storie, were killed. Lebow was the president of Lebow Associates and Storie was an employee of Lebow Associates. Workmen's compensation was paid by Lebow Associates to Mrs. Storie. Mrs. Storie, as administratrix of the estate of Mr. Storie, also commenced a wrongful death action in Wayne County Circuit Court.[1] Among the original defendants were Southfield, as lessor of the aircraft, and Detroit Bank which allegedly had a possessory interest in the aircraft.

Both Southfield and Lebow Associates were insured under a single aircraft insur-

1. The underlying wrongful death action is currently pending in Oakland County, Michigan, Circuit Court.

ance policy issued by Avemco. Among other things, the policy insured both Lebow Associates and Southfield under "Coverage A" for all sums either of them should become obligated to pay third persons because of injuries occasioned by the operation of the aircraft. "Insuring Agreements" clause (a) of the policy also provided that:

"II. Defense, Settlement, Supplementary Payments. (a) With respect to such insurance as is afforded by this policy . . . the company shall . . . defend any suit against the insured alleging such injury, sickness, disease, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; . . ."

The defense of the underlying wrongful death action filed by Mrs. Storie against Southfield was tendered to Avemco pursuant to clause II(a) of the "Insuring Agreements." Avemco retained counsel to defend that action. Through counsel retained by Avemco, Southfield then filed a third party complaint. The third party defendant is Lebow Associates. This third party action is based on the lease agreement for the aircraft between Southfield and Lebow Associates. Paragraph 7 of that agreement states:

"INDEMNITY: LESSEE agrees to and does hereby indemnify LESSOR and hold LESSOR, its agents and employees, harmless of and from any and all losses, damages, claims, demands or liability of any kind or nature whatsoever, including legal expenses arising from the use, condition . . . or operation of said aircraft, and by whomsoever used or operated during the term hereof . . ."

Southfield alleges that under paragraph 7 of the lease, Lebow Associates is liable to Southfield for any amount Southfield might be required to pay the administratrix of the estate of Storie, pursuant to a judgment in the underlying wrongful death action.

Lebow Associates, when served with Southfield's third party complaint, tendered the defense to Avemco pursuant to clause II(a) of the "Insuring Agreements" section of the insurance policy quoted above. Coverage was denied by Avemco based on Exclusion (a) of the policy which states:

"This policy does not apply: (a) under Coverage A, to liability assumed by any insured under any contract or agreement . . . ."

In its answer to Lebow Associates' complaint for declaratory relief Avemco alleges that Southfield's third party complaint in the underlying wrongful death action seeks only contractual indemnity under the lease, and, therefore, Avemco has no duty to defend the third party action because of Exclusion (a).

In the underlying wrongful death action, the administratrix of the estate of Storie also sought to collect damages from Detroit Bank on the grounds of its negligent ownership, maintenance, use and control of the aircraft.

Detroit Bank obtained a summary judgment on this vicarious liability count. However, Detroit Bank was then joined again as executor of Lebow's estate, on the theory that the death of Storie did not arise out of or in the course of employment, and that the trip was not employment related. Detroit Bank tendered the defense to Avemco pursuant to clause II(a) of the "Insuring Agreements" section of Avemco's aircraft insurance policy quoted above. Avemco denied tender and stated that there was no duty to defend based upon the apparent fact that the airplane crash occurred in the course of Storie's employment and upon Exclusion (d) of the aircraft insurance policy which states:

"This policy does not apply under Coverages A and B to bodily injury or sickness, disease, or death of any employee of the insured arising out of and in the course of employment by the insured, or to any obligation for which the insured or any carrier as his insurer may be held liable under workmen's compensation, unemployment compensation, or disability benefits law or under any similar law."

Subsequently Detroit Bank retained its own counsel who requested and received accelerated judgment on this latter cause of action

on the ground that the accident occurred in the course of employment.

Detroit Bank has intervened as a plaintiff in the present case. The Bank asserts that it was the duty of Avemco to defend the underlying wrongful death action pursuant to clause II(a) and seeks reimbursement for the attorneys' fees expended in defending the action. Avemco asserts that because of Exclusion (d), there was no duty to defend, and hence, no liability in the present case.

Each litigant's request for relief is raised in this court on a motion for summary judgment. The parties have stipulated to all the material facts and to abstract principles of law. Pursuant to the United States Supreme Court decision in *Klaxon Co. v. Stenor Electric Mfg. Co., Inc.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed.2d 1477 (1941), this court must interpret the applicable legal principles in light of relevant Michigan law.

*Exclusion of Contractually Assumed Liability*

The parties have agreed that the following abstract principle should govern the resolution of this case.

■ A provision in a liability policy specifically excluding from coverage liability contractually assumed by the insured is operative only in situations where the insured would not be liable to a third party except for the fact that he assumed liability under an express agreement. Conversely such a provision is inoperative when the liability of the insured assumed under an express contract with the third party is coextensive with the insured's liability imposed by law. Annot., 63 A.L.R.2d 1114, 1123 (1959).

A major rationale underlying the principle that assumed liability exclusion clauses are inoperative when the liability assumed is coextensive with the insured's liability imposed by law is that the insured's assumption of liability does not expand the insurance company's element of risk, upon which the insured's premium amounts are predicated, beyond the original contractual agreement of the parties. To allow an insurance company to avoid payment of its insured's liability to a third party, which otherwise exists by operation of law, merely because the insured contractually assumed the same liability to the third party would be to judicially condone a unilateral alteration of the substantive terms of the contract in favor of the insurance company on grounds which are not even relevant to the element of risk which underlies each parties' bargaining position. Such a result would undoubtedly be contrary to the reasonable expectations of the insured.

■ Avemco has advanced Lebow Associates' assumption of Southfield's liability as a basis for Lebow Associates' liability to Southfield in the underlying tort action, for Avemco's refusal to pay any judgment against Lebow Associates obtained through Southfield's third party action, and for its nonpayment of Lebow Associates' attorneys' fees. Yet, as in the reasoning behind the case law holding assumed liability exclusion clauses inoperative, Lebow Associates' assumption of liability in no way affects the degree of risk undertaken by Avemco under the terms of its insurance policy covering both Lebow Associates and Southfield.

Both Lebow Associates and Southfield were insured parties under Avemco's policy. Avemco agreed, pursuant to its "Coverage A" to pay all sums which the insureds became legally obligated to pay as damages because of bodily injury, sickness, or disease sustained by any person arising out of the ownership, maintenance, or use of the aircraft. Avemco also agreed to defend any suit against the insureds alleging injury as specified under Coverage A. Thus, payment of Lebow Associates' legal expenses and any judgment in favor of Southfield within the policy limits and terms of "Coverage A" is within the risk originally undertaken by Avemco in consideration for the premiums paid by Lebow Associates and Southfield.

The assumption of Southfield's liability by Lebow Associates under the terms of the aircraft lease does not affect the degree of risk undertaken by Avemco since that risk

also included liability incurred by Southfield. When one insured, under a given policy, has assumed the liability of the other insured under the same policy the latter entity can hardly be considered a "third party" for purposes of applying the legal principles heretofore discussed. To allow Avemco, who controls Southfield's lawsuit against Lebow Associates, to avoid payment of Lebow Associates' attorneys' fees as well as judgment within the policy limits against Lebow Associates in the underlying tort action is to permit Avemco to unilaterally alter its contractual commitment by reducing its risk factor while retaining the premiums paid by Lebow Associates in consideration for Avemco's undertaking the original, greater risk. This is an intolerable result.

In keeping with the principle that an insurance policy clause excluding contractually assumed liability from coverage is inoperative when the contractually assumed liability adds nothing to the insured's liability, Avemco's exclusions clause (a) is hereby held to be inoperative with respect to the liability assumed by Lebow Associates in their lease agreement with Southfield. Thus Lebow Associates is entitled to payment by Avemco under the terms of its indemnity contract, of both any judgment against Lebow Associates within the policy limits and any legal expenses incurred by Lebow Associates in defending the lawsuit brought by Southfield in the underlying tort action.

*Exclusion of Work Related Injuries*

■ The issue presented by the cross motions for summary judgment of Detroit Bank and Avemco is relatively simple. This court is asked to decide which clause of the insurance policy governs the rights and duties of the parties, the clause which excludes work related injuries from coverage or the clause which obligates Avemco to defend any suit respecting a covered risk even if such suit is groundless.

In *Zurich Insurance Co. v. Rombough,* 384 Mich. 228, 180 N.W.2d 775 (1970), the Michigan Supreme Court dealt with virtually the same issue. The insurer in *Rombough* sought a declaratory judgment that it was not obligated to defend its insured in an automobile negligence action pending in a circuit court. The clause reciting the insurer's affirmative obligation to defend was virtually identical to the clause in Avemco's policy. The *Rombough* policy also contained an exclusion which stated that the policy did not apply while insured vehicles were used to carry property in any business. At the time of the accident in *Rombough* the insured vehicle in question was carrying property in a business although this fact did not appear in the pleadings. Similarly, in the present case the underlying tort suit against Detroit Bank arose out of a death which, according to known facts other than those contained in the complaint, occurred in the course of employment and which, therefore, falls squarely within the terms of Avemco's exclusionary clause.

The Court held that the clause of the policy obligating the insurance company to defend its insured governed the claim. Justice Kavanagh, writing for the Court, reasoned that when the relationship between an exclusion clause and a clause granting coverage is ambiguous, elemental insurance law requires that the policy be construed against the insurance company and most favorably to the premium paying insured. 384 Mich. at 232, 180 N.W.2d 775. Despite the explanations of Avemco, the clauses in question in the present case are also ambiguous in the sense that the language used does not give the reader notice of whether the type of lawsuit being discussed is characterized by the pleadings or actual facts as developed by discovery and trial. Indeed, if one had to draw conclusions from the language of the policy alone, the reference to "allegations" in the clause obligating Avemco to defend would lead one to characterize suits by the allegations of the complaint thus lending support to the position of Detroit Bank.

Justice Kavanagh referred to two similar cases for support of his position. In *Gray v. Zurich Insurance Co.,* 65 Cal.2d 263, 54 Cal. Rptr. 104, 419 P.2d 168 (1966), Justice To-

briner stated that the doctrine of the adhesion contract required a result in favor of the weaker bargaining party, the insured. That result was to ascertain the meaning of the contract which the insured would reasonably expect. Those expectations were found to include an obligation to defend the suit in question. In *City Poultry & Egg Co. v. Hawkeye Casualty Co.,* 297 Mich. 509, 298 N.W. 114 (1941), the Court found, in the context of a similar fact pattern, that the insurance company could have limited its obligation to the defense of suits where, on the facts, the insurance company was liable to the insured in case of judgment, but that it did not do so. Rather, the insurer remained obligated to defend its insured since its undertaking to defend was absolute, as in the present case. Although Avemco's insurance contract is not clearly established as an adhesion contract, it is nonetheless true that Avemco drafted the document and could have made it more explicit if it chose to do so.

No case cited to this court by Avemco undercuts the controlling status in Michigan of the *Rombough* decision in the present case. The cases digested under 50 A.L.R.2d 458 and cited by Avemco only confirm the conclusion that *Rombough* represents current Michigan law on the present issue. In *State Mutual v. Abbott,* 52 Mich. App. 103, 216 N.W.2d 606 (1974), the court was apparently not confronted, as is this court, with allegations of a complaint that fall within the terms of the policy's coverage while the facts suggest otherwise. Without more information about the complaint in *Abbott,* it is difficult to meaningfully discuss its differences with *Rombough.* Regardless of the specific facts in *Abbott,* however, and with all due respect, this court must adhere to the rulings of the Michigan Supreme Court.

Pursuant to the *Rombough* decision Avemco's obligation to defend its insured in actions of the nature and kind covered by the policy will control over the clause excluding work related injuries from coverage.

Avemco asserts that its duty to defend Detroit Bank turns on whether the duty to defend must be governed by a reading of the complaint or by reference to "known facts." The *Rombough* case also dealt with a situation in which the "known facts" approach to the duty to defend is arguably applicable and yet the Court did not discuss either the "complaint" theory or the "known facts" theory. Prior to *Rombough,* though, the Michigan rule was that the duty of an insurer to defend a claim is measured by the allegations of the pleading in which its insured is sued. *Guerdon Industries, Inc. v. Fidelity & Casualty Co. of New York,* 371 Mich. 12, 123 N.W.2d 143 (1963); *Space Conditioning, Inc. v. Insurance Company of North America,* 294 F.Supp. 1290 (E.D.Mich.1968), *aff'd,* 419 F.2d 836 (6th Cir. 1970); *Transport Insurance Co. v. Michigan Mutual Liability Insurance Co.,* 496 F.2d 265 (6th Cir. 1974). It seems unlikely that *Rombough* signals a significant departure from this position.

Finally Avemco in its brief asserts that it is not liable for the attorneys' fees incurred by Detroit Bank since the Bank did not notify it of the pending action requiring defense until after the Bank had retained its own attorney and filed a motion for accelerated judgment in the state circuit court. However, the parties have stated in their Stipulation of Facts that Detroit Bank tendered the defense of the estate of Lebow to Avemco and Avemco had denied any duty to defend *prior* to the time the Bank retained its own counsel. Thus, although there may be some expenses which the Bank incurred prior to the time Avemco had notice of a request to defend, there also appear to be expenses incurred after Avemco had denied its duty to defend for which it is liable. Since the parties have stipulated that there is a question of fact as to the reasonable value of the attorneys' fees expended by the Bank, no summary judgment has been requested on the amount of liability.

For reasons set forth above, Avemco is found to be liable to Detroit Bank & Trust for reasonable attorneys' fees and to Lebow Associates for reasonable attorneys' fees to

be expended in defense of the underlying wrongful death action. In addition, Lebow Associates is entitled to payment by Avemco, under the terms of their indemnity contract, of any judgment against it to the extent of the policy limits arising out of Southfield's third party complaint in the underlying tort action.

So ordered.