Jean C. **SABLE**, Appellant,

v.

**HORACE MANN LIFE INSURANCE COMPANY**, Appellee.

No. 83–1467.

Supreme Court of Iowa.

Feb. 13, 1985.

Kenneth D. Benhart of Flagg, Hockett, Benhart, Bertogli & Jennett, Des Moines, for appellant.

Charles W. Brooke of Lane & Waterman, Davenport, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

The trial court entered summary judgment against the plaintiff in this action to recover benefits under a disability insurance policy. The trial court was of the view that the action was barred because it was not instituted within a three year period. On appeal, the court of appeals reversed because it found the three year requirement unconscionable. On further review, we agree with a reversal, but because we cannot find noncompliance with the policy's provisions.

Defendant Horace Mann Life Insurance Co. had a contract to provide Perry school district employees with long-term disability insurance. In 1973 plaintiff was employed by the district and purchased such a policy. She thereafter contracted multiple sclerosis for which she filed a proof of loss and received benefits until July of 1976, when her disease went into remission. She has not worked for the district since 1973. Horace Mann's contract with the district expired in December 1975.

The multiple sclerosis recurred in November of 1978 and, in February 1979, plaintiff presented another proof of loss to Horace Mann, seeking restoration of benefits. In a letter dated February 27, 1979, Horace Mann denied coverage on the ground the contract with the school district had expired.

Plaintiff took no further action until four years later when, in February 1983, she filed this suit. Horace Mann appeared, filed a general denial, and after discovery was had, moved for summary judgment, asserting the action was barred by passage of time. The assertion rested on the policy's three year legal actions provision. Other grounds were asserted in the motion but were not reached by the trial court; the motion was granted solely because the action had not been commenced within three years following the second proof of loss, the one given upon recurrence of the disease.

I. We give no consideration to the unconscionability theory discussed by the court of appeals. The theory was not pled by the plaintiff nor was it considered by the trial court. Neither was it listed as an assignment of error on appeal.

What is involved here is the construction of the provisions of an insurance policy. They are to be interpreted strictly against the company which drafted them. *Lindstrom v. Aetna Life Insurance Co.*, 203 N.W.2d 623, 625 (Iowa 1973).

II. The appeal turns on two related provisions of the policy. The first is the proof of loss provision which required plaintiff to file her claim for benefits within 90 days of "commencement of the period for which the insurer is liable." The sec-

ond is the legal actions provision which states:

> No action at law or in equity shall be brought to recover on this policy prior to the expiration of 60 days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

The two provisions are interdependent. In order to trigger the three year limitation, there had to be a requirement to file a proof of loss.

Plaintiff did file a proof of loss when she contracted the disease in 1973; her claim was allowed and she was paid benefits until the disease went into remission. The question then becomes whether the recurrence of the disease qualifies as "the commencement of the period for which the company is liable." If so plaintiff would be required to file another proof of loss, and thereby trigger the policy's three year limitations period.

Plaintiff argues that the "commencement" occurred in 1973 when she contracted the disease.[1] Because a proof of loss was filed at that time and plaintiff was paid benefits, she argues she fully complied with the proof of loss provision and is now merely reapplying for benefits due. Her argument rests on the policy's definition of "single period of disability." She thinks she can prove at trial that her malady fits this definition. If so there would be no policy requirement to file a second proof of loss. The policy defines a single period of disability this way:

> Successive periods of disability which
>
> (a) Are from the same or related causes,
>
> (b) Are separated by less than six months of continual full-time work at the individual's then usual place of employment, and
>
> (c) Commence while the individual is an insured person under the certificate
>
> shall be considered as a single period of disability. . . .

We are thus faced with a serious but unresolved fact question, the nature of the remission, which must be established in further proceedings. If plaintiff can establish her disease amounted to a single period of disability from the time she filed her original proof of loss then she was not obliged to file a second one, even though she in fact did. If she was not obliged to file the second proof of loss, she could at any time apply for further benefits.

III. We do not think this action is barred, as Horace Mann contends, under the general two-year statute of limitations, section 614.1(2). We have no occasion to decide other questions raised by the summary judgment motion and not reached by the trial court. They include plaintiff's special tort theory of bad faith failure to pay insurance benefits. *But see Vinson v. Linn-Marr Community School District*, 360 N.W. 108, 120, (Iowa 1984); *Higgins v. Blue Cross of Western Iowa*, 319 N.W.2d 232, 236 (Iowa 1982).

DECISION OF COURT OF APPEALS AFFIRMED; REVERSED AND REMANDED WITH DIRECTIONS.

---

1. The trial court rightly rejected one of plaintiff's contentions. Plaintiff would have us read the word "commencement" in the proof of loss provision to be "termination" because the provision is, except for that one word, an exact quotation of Iowa Code section 514A.3(1)(k). Many provisions of the policy are quotations from chapter 514A and, as plaintiff points out, variations from statutory language are not allowable. §§ 514A.3(1) and 514A.4(2). The difficulty with plaintiff's contention is that group policies are exempted from the chapter. § 514A.8. Although plaintiff argues otherwise, this is a group policy.