**HORACE MANN INSURANCE COMPANY, Plaintiff,**

v.

**Donald D. COMBS, Arnold H. Berry, Jeraldine B. Berry, Travis Berry, Troy Berry, Glen E. Frease, Mary Jo Frease, Kay Lloyd Finch, Kay Lloyd Finch, Executor of the Estate of Orlanda Constance Finch, Deceased, John D. Galiher, and Lois Galiher, Defendants.**

Civ. No. 84–78–A.

United States District Court,
S.D. Iowa, C.D.

Jan. 21, 1986.

Jerry E. Williams, of Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, Iowa, for plaintiff.

Vern M. Ball, Bloomfield, Iowa, for defendant Combs.

Dannis W. Emanuel, of Weber, Gaumer & Emanuel, P.C., and John N. Moreland, of McKay & Moreland, P.C., Ottumway, Iowa, for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

HANSON, Senior District Judge.

This diversity of citizenship case was tried to the Court and proposed findings of fact and conclusions of law have been submitted.

### FINDINGS OF FACT

Approximately thirty (30) days prior to August 15, 1980, the defendant Donald D. Combs and Judith Combs (Combs) met with Richard Abernathy, a licensed agent for the plaintiff, Horace Mann Insurance Company (Horace Mann), to discuss homeowner's insurance coverage on the Combs' home. The Combs told Abernathy that they wanted "full" homeowner's coverage, including liability coverage, which would "cover most of the basic things one incurs in life." Abernathy advised the Combs that Horace Mann felt that their insureds should carry liability insurance at least equal to the amount of the value of their home. The Combs applied for coverage in the amount of $100,000. Abernathy bound

that coverage for the period of one year, commencing August 15, 1980. At the time the application was prepared and signed, the Combs owned only one boat, a 12–foot aluminum boat with a six horsepower motor.

At some time prior to August 15, 1980, Horace Mann issued to Combs its HO2 homeowner's policy No. HO589326, for the policy term of one year commencing August 15, 1980. That policy was in force on August 8, 1981. The homeowner's policy issued by Horace Mann to the Combs contained the following provision, under the bold-faced heading "Exclusions":

This policy does not apply:

1. Under Coverage E—Personal Liability and Coverage F—Medical Payments to Others:

    \*     \*     \*     \*     \*     \*

d. to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits; \* \* \*.

Section 8 of Part A of the policy provides:

8. DEFINITIONS: (Refer to Section II of the Form made a part of this policy for Additional Definition).

When used in this policy the following definitions apply:

    \*     \*     \*     \*     \*     \*

d. 'business' means

(1) a trade, profession or occupation, including farming, \* \* \*.

On or about May 1, 1980, Steven Dent, a fellow schoolteacher and acquaintance of the Combs, obtained from the State of Iowa a Commercial Concession Permit granting him for the calendar year 1981 the exclusive right to operate the beach and boathouse at Lake Wapello State Park, including the right to rent out certain fishing boats, paddle boats, and canoes, owned and furnished by the State of Iowa, and required that Dent pay to the State of Iowa 12% of his gross receipts.

In May of 1981, Dent proposed to Donald Combs that the two of them purchase from Peter Burchette, at a price of $850, a used 20-foot by 7-foot Palm Beach pontoon boat equipped with a six horsepower outboard motor, suggesting that he (Dent) could dock the boat free at the dock provided for him by the State, and that the boat would then be available for personal use of Dent and Combs at no cost to either of them. Dent and Combs agreed that: (1) they would purchase the pontoon with each paying $425 of the purchase price; (2) they would dock the boat at no cost at the dock provided to Dent by the State of Iowa; (3) Dent would rent the boat out to the general public; (4) Dent would pay to the State of Iowa that percentage of the rental fees for the boat required by his concession permit; and (5) Dent and Combs would each make personal use of the boat at no cost to themselves whenever the boat was not rented out to others. The agreement between Dent and Combs was not made in writing. Furthermore, even though Combs believed that they would eventually split the profits at the end of the season from the rental of the pontoon boat, there appears to have never been anything said by either Combs or Dent as to this eventuality.

On or about May 26, 1981, Combs and Dent purchased the pontoon boat from Peter Burchette, signing a note for $850 payable at the end of the summer.

On the Iowa Application for Boat Registration, signed by both Dent and Combs, the "Type of Use" designated was "Pleasure" and "Livery (Rental)."

Combs and Dent docked the boat at the dock provided by the State, and it was available for rental to the public through August 8, 1981.

During the period from June 1981 through August 8, 1981, the pontoon boat was used for personal pleasure by both Dent and Combs and Combs once or twice paid small amounts of money incurred in the operation of the boat. During that same period, Dent rented it out thirty times and received payment for those rentals.

The thirtieth rental by Dent was to Arnold H. Berry on August 8, 1981. That

same day, while occupied by John D. Galiher, Lois Galiher, Kay L. Finch, Orlanda Constance Finch, Arnold Berry, Jerrie Berry, Troy Berry, Travis Berry, Glen Frease and Joe Frease, the boat capsized.

About a week after the accident, Donald Combs informed Abernathy that he had purchased a pontoon boat, with a co-owner, for his personal use and that his co-owner had rented it out to the people who had the accident. He also told Abernathy that he had received no money for the rental. When Combs asked Abernathy if he had coverage under the Horace Mann policy, Abernathy stated that the pontoon boat would be covered for personal liability but not commercial liability.

After the accident on August 8, 1981, no accounting was ever made between Combs and Dent, and Combs never received any of the rental income. On September 21, 1981, they each paid $450 to Peter Burchette. They are still co-owners of the boat.

Defendants Arnold H. Berry, Jeraldine B. Berry, Travis Berry, Troy Berry, Glen E. Frease, Mary Jo Frease, Kay Lloyd Finch, Kay Lloyd Finch as Executor of the Estate of Orlanda Constance Finch, deceased, John D. Galiher, and Lois A. Galiher, through lawsuits brought in the Iowa District Court for Davis County, are asserting claims against Donald Combs for bodily injuries sustained in the August 8, 1981 accident. Each alleges that Donald Combs was negligent in the following particulars:

(1) In permitting the pontoon boat to be used for commercial purposes by Dent without first having been properly inspected and licensed;

(2) In permitting Dent to use the boat for rental purposes, without determining that the boat was in good repair; and,

(3) In failing to inspect and determine that the pontoon boat was properly inspected and licensed by the State Conservation Commission as provided by Chapter 106, Code of Iowa, 1980.

## CONCLUSIONS OF LAW

■ The parties in this case have made assertions as to the applicability or inapplicability of the Combs' insurance contract coverage of the accident at Lake Wapello. However, the parties ignore the preliminary issue: whether there was any joint business enterprise between Combs and Dent, that is, whether there was a partnership between these parties. The elements necessary to establish the existence of a partnership are a sharing of profits and losses of a business, joint control, and intent. *See Richman v. Richman,* 190 Iowa 462, 180 N.W. 182, 183 (1920); R. Hayes, *Iowa Practice: Business Organizations,* § 51, at 431–44 (2d ed. 1985). While there is some indicia in Donald Combs' deposition that he believed the profits from the rental would pay for the pontoon boat, there does not appear to have been a mutual consent between Dent and Combs as to the partnership agreement to share in any profits or losses. Donald Combs' unexpressed belief that at some point there would be an accounting, at which time they would split the profits for the rental of the pontoon boat, simply is not enough to prove that this was a joint business enterprise. Rather, this appears to have been an individual enterprise with one party intending to use the pontoon boat for pleasure and the other intending the boat for business and pleasure. Combs under no circumstances supervised or directed use of the boat for commercial purposes. This was entirely done by Dent. Nor did Combs have any intention to be part of the business. The Court therefore concludes that their joint ownership of the boat does not transform this into a relationship between partners.

■ Having determined that there was no apparent partnership between the Combs and Dent, the Court must determine whether the business pursuits exclusion in the Combs' homeowner's policy would deny coverage in this case. The Court must be guided by certain basic rules of construction. Insurance contracts are controlled by the same rules of construction as are applied to other contracts; however, because

an insurance contract is a contract of adhesion, its provisions will be construed in a light most favorable to the insured. *Sable v. Horace Mann Ins. Co.*, 362 N.W.2d 495, 496 (Iowa 1985); *State Farm Auto Ins. Co. v. Malcolm*, 259 N.W.2d 833, 836 (Iowa 1977).

It is generally recognized that "[t]he 'business pursuits' exclusion is a common exception to the broad coverage provided in homeowner's and general liability insurance policies." *Bertler v. Employers Ins. of Wausau*, 86 Wis.2d 13, 271 N.W.2d 603, 606 (1978). Courts interpreting this exclusion have developed several different tests to determine whether a particular activity is a "business pursuit" within the meaning of an insurance policy. *See* Annot. Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy, 48 A.L.R.3d 1096 §§ 3[a], [b], and [c]. Although there is no controlling authority in Iowa on this issue, the majority of the courts which have addressed this issue have adopted a 2-pronged analysis, consisting first of continuity of the pursuit and, second, of a profit motive. *E.g., Bertler*, 271 N.W.2d at 607; *State Mut. Cyclone Ins. Co. v. Abbott*, 52 Mich.App. 103, 216 N.W.2d 606, 608 (1974); *Fadden v. Cambridge Mut. Fire Ins. Co.*, 51 Misc.2d 858, 274 N.Y.S.2d 235, 241 (N.Y.1966). "[A]s to the first, there must be a customary engagement or stated occupation; and as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a living, procuring subsistence or profit, commercial transaction or engagements." *State Mut. Cyclone Ins. Co.*, 216 N.W.2d at 608.

In addition to there being no partnership agreement, it is impossible to impute Dent's business use to Combs. Combs' policy excludes coverage of the pontoon boat if the bodily injury or property damage arose "out of business pursuits of an insured * * *." (Horace Mann policy HO 589326, page HO–2, § 2, Coverage E 1(d)). The Horace Mann policy defines the "insured" under the policy as "the insured named in the declaration above and legal representatives * * *." (*See* Declaration Sheet.) The insureds named in the Declaration Sheet of the Horace Mann policy are Donald D. and Judy Combs. Therefore, in order for the exclusion 1(d) under Coverage E to apply, bodily injury or property damage must have arisen out of the Combs' "business pursuit" use or ownership of their pontoon boat. While it would have been possible to impute the business pursuits exception had there been a business partnership between Combs and Dent, *see State Farm Fire & Casualty Co. v. Drasin*, 199 Cal.Rptr. 749, 152 Cal.App.3d 864 (1984), because no partnership existed, Dent's business use cannot be impliedly become a business use for Combs.

The Court therefore concludes, as to his co-ownership of the boat, that Donald D. Combs was not engaging in a business pursuit. The Court also concludes that the policy of homeowner's insurance issued by Horace Mann for the period August 15, 1980 to August 15, 1981, applies to all the claims asserted against Combs by the other defendants in this action.

### ORDER FOR JUDGMENT

IT IS ORDERED that judgment be entered in favor of the defendants Donald D. Combs, et al., and against the plaintiff Horace Mann Insurance Company.