**AID (MUTUAL) INSURANCE and Grinnell Mutual Reinsurance Co., Appellees,**

v.

**Vincent B. STEFFEN, Appellant,**

and

**Sylvester L. Steffen, Defendant.**

No.. 86–1791.

Supreme Court of Iowa.

May 11, 1988.

Vincent B. Steffen and Sylvester L. Steffen, New Hampton, pro se.

James E. O'Donohoe of O'Donohoe, O'Connor & O'Donohoe, New Hampton, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN and SNELL, JJ.

HARRIS, Justice.

Vincent B. and Sylvester L. Steffen are brothers who are involved in the business of creating agricultural and mechanical engineering designs, including methods and equipment for drying and storing grain. The question here is whether tort liability arising from patent litigation is covered in either of two insurance policies. The trial court determined there was no coverage and we agree.

The Steffens' business was incorporated under the name of Harvestall Industries, Inc. When a patent is obtained it is licensed to other businesses for production and marketing. Harvestall Industries, Inc. entered into a marketing agreement with Harvestall Marketing, Inc., a Minnesota corporation owned by Donald and Charles Persson. Harvestall Marketing, Inc. was to pay Harvestall Industries, Inc. royalties for the privilege of exploiting the Steffens' patents.

Harvestall Industries and the Steffens became involved with others in litigation to determine the validity of some of the patents. The parties with whom the Steffens had contracts alleged that they suffered personal injuries from the Steffens' wrongful assertion of certain patents, and that nothing of value was received in the contracts. Some of the Steffens' patents are said to be worthless. Various licensees, including Harvestall Marketing, Inc., have canceled their agreements and have refused to pay royalties to the Steffens.

Because of these difficulties the Steffens looked to two policies, neither of which named Harvestall Industries, Inc. as an insured. Sylvester Steffen had a homeowners policy with Aid Insurance Company

which covered his residence and personal property. The policy expressly excluded property damage arising out of "business pursuits" of Sylvester.

Grinnell Mutual Insurance Company issued policies covering Vincent Steffen's farmstead and home, covering general farming and personal liability. Grinnell Mutual was obligated to pay on behalf of Vincent all sums which he became obligated to pay as damages because of bodily injury or property damage. These policies similarly excluded from coverage any business pursuits of Vincent.

The Steffens notified the two insurance carriers of the lawsuits and claimed that the carriers had a duty to defend and indemnify them for any losses incurred. The carriers refused, stating that the patent litigation arose from business pursuits and thus were not covered by either of the policies.

The procedural background in the litigation which followed is complex and confused. Although there is serious question whether all issues were preserved for review we prefer to address the controlling questions on their merits. The trial court, ruling on a motion for summary judgment, held there was no coverage under either policy for the patent litigation. Vincent filed a timely appeal; Sylvester did not.

■ I. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c). We review the district court's granting of a summary judgment motion for correction of errors of law. Iowa R.App.P. 4. The burden of showing the nonexistence of a material fact is upon the moving party. *Knapp v. Simmons,* 345 N.W.2d 118, 121 (Iowa 1984). We examine the record in the light most favorable to the party opposing the motion to determine whether the movant has met the burden of proof. *Sandbulte v. Farm Bureau Mut. Ins. Co.,* 343 N.W.2d 457, 464 (Iowa 1984). Summary judgment is not proper if reasonable minds could draw different inferences and conclusions from the undisputed facts. *Knapp,* 345 N.W.2d at

121. If the trial court's findings of fact are supported by substantial evidence and were not induced by an erroneous view of law they will be sustained. *Connie's Constr. Co. v. Fireman's Fund Ins.,* 227 N.W.2d 207, 209 (Iowa 1975).

■ II. Vincent Steffen asserts that the risks should be covered because the patents are "securities" and personal property under the policies. Although the policies do not cover patent rights they do of course cover personal property. The claim is that the risks arose from ownership of the policies and not from the business pursuits.

Although Vincent claims otherwise we find no ambiguity in the policy. We explained the controlling principle this way:

Stated otherwise, the climate under which an insurance policy is examined favors imposition of coverage largely because the carrier drew the contract and has the expertise in the field. However, if after construing both the policy in question, the pleadings of the injured party and any other admissible and relevant facts in the record, it appears the claim made is not covered by the indemnity insurance contract issue, the insurer has no duty to indemnify. If such be the case, the words and phrases of the policy should not be strained to impose liability that was not intended and not purchased.

*Central Bearings Corp. v. Wolverine Ins. Co.,* 179 N.W.2d 443, 445 (Iowa 1970) (citations omitted).

Several courts have discussed the "business pursuits" exception often found in insurance policies. In *Fadden v. Cambridge Mutual Fire Insurance Co.,* 51 Misc.2d 858, 274 N.Y.S.2d 235 (1966), the court defined a "business pursuit":

To constitute a business pursuit, there must be two elements: first, continuity, and secondly, the profit motive; as to the first, there must be a customary engagement or a stated occupation; and, as to the latter, there must be shown to be such activity as a means of livelihood, gainful employment, means of earning a

living, procuring subsistence of profit, commercial transaction or engagements. *Id.* at 862, 274 N.Y.S.2d at 241. *See also State Mut. Cyclone Ins. Co. v. Abbott,* 52 Mich.App. 103, 216 N.W.2d 606, 608 (1974); *Home Ins. Co. v. Aurigemma,* 45 Misc.2d 875, 880, 257 N.Y.S.2d 980, 986 (1965); *see generally,* Annotation, *Construction and Application of "Business Pursuits" Exclusion Provision in General Liability Policy,* 48 A.L.R.3d 1096 (1973).

In *Bertler v. Employers Insurance of Wausau,* 86 Wis.2d 13, 271 N.W.2d 603 (1978), the court addressed the necessity and functioning of the "business pursuits" exclusion:

> [T]hese exclusions are necessary for one or more of the following reasons: management of the moral hazard; keeping rates at a reasonable level; eliminating coverages that are provided by other contracts of insurance the insured is apt to have; eliminating coverages not needed by the typical purchasers of the contract; eliminating uninsurable perils; and eliminating specialized coverages that require special underwriting and rating.

*Id.,* 271 N.W.2d at 606 (quoting Frazier, *The "Business Pursuits" Exclusion in Personal Liability Insurance Policies,* 572 Insurance Law Journal 519 (1970)).

The trial court correctly concluded that the Steffens' patent litigation was excluded as a business pursuit under either policy.

III. Vincent contends that, even if there were not express coverage under the policy terms, it was nevertheless error to sustain the motion for summary judgment because of a reasonable expectation of coverage. We explained the reasonable expectation doctrine in *Rodman v. State Farm Mutual Automobile Insurance Co.,* 208 N.W.2d 903 (Iowa 1973). We said "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." *Id.* at 906.

■ Reasonable expectations may be established by proof of the underlying ne-

gotiations or inferred from the circumstances. *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d 104, 112 (Iowa 1981). The doctrine will apply if the exclusion (1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction. *Id.* If an ordinary layman would not misunderstand the policy's coverage, and there were no circumstances attributable to the insurer which would foster coverage expectations, the reasonable expectations doctrine is inapplicable. *Id.*

■ There is no evidence here of the Steffens' expectations. There are also no circumstances attributable to the insurers which would have led the Steffens or any reasonable person to expect coverage for the patent suits. Nor are the terms with which we are confronted bizarre. There is simply no evidence from which we can conclude that the Steffens expected the policies to cover any lawsuits which may arise out of contracts for patents.

The reasonable expectations contention is without merit.

IV. Other contentions need not be discussed. There is no evidence to support the Steffens' assertion that there was fraud in the trial court judgment because of mishandling of the suit by attorneys. Neither do we find merit in the Steffens' complaint that parts of the designated appendix were unnecessary. We are convinced the trial court judgment was correct.

AFFIRMED.