GREENMAN v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 95307. Submitted February 2, 1988, at Detroit. Decided
     August 29, 1988.

> Plaintiff, Mark D. Greenman, and his law firm and other individ-
> ual members of the firm were sued by a former employee for
> sexual harassment and discrimination. A jury found no cause
> of action as to the sexual harassment and discrimination alle-
> gations but awarded the complainant $11,100 for intentional
> infliction of emotional distress. Plaintiff had notified defendant,
> Michigan Mutual Insurance Company, of the action and de-
> manded legal representation under his homeowner's insurance
> policy. Defendant refused to provide coverage or legal represen-
> tation. Plaintiff then sued defendant in the Wayne Circuit
> Court seeking damages for defendant's refusal. The trial court,
> Helene N. White, J., granted defendant summary disposition on
> the ground that, under the policy, defendant was not required
> to provide coverage or a defense since the complainant did not
> allege bodily injury. Plaintiff appealed.
>
> The Court of Appeals *held*:
>
> 1. The complainant's alleged injuries do not satisfy the
> "bodily injury" requirement of the insurance policy. There was
> no allegation of any physical manifestations of the mental
> injuries.
>
> 2. Since the injuries alleged arose from intentional rather
> than accidental acts, there was no "occurrence" as defined in
> the policy.
>
> 3. Because the alleged injury was expected or intended from
> the standpoint of the insured, it was excluded from coverage
> under plaintiff's homeowner's policy.
>
> 4. Defendant had no duty to defend plaintiff because the
> alleged injuries arose from a business pursuit of the insured
> and were, thus, excluded from coverage under the policy.
>
> Affirmed.

REFERENCES

Am Jur 2d, Insurance §§ 703 *et seq.*
Construction and application of "business pursuits" exclusion provi-
     sion in general liability policy. 48 ALR3d 1096.

1. INSURANCE — BODILY INJURY — MENTAL INJURIES.

An insured must allege some physical manifestations of mental injuries in order to seek damages for mental injuries under a liability insurance policy providing coverage for "bodily injury, sickness or disease."

2. INSURANCE — BODILY INJURY — INTENT TO ACT — INTENT TO INJURE.

An insured's intent to act as well as his intent to injure is required to be shown in order for a liability insurance policy's exclusion of coverage for bodily injury expected or intended from the standpoint of the insured to take effect.

3. INSURANCE — EXPECTED INJURIES.

An injury is "expected" for purposes of an insurance policy's exclusion of coverage for bodily injury or property damage expected or intended from the standpoint of the insured if it is the natural, foreseeable, expected and anticipated result of an intentional act; some acts are so nearly certain to produce injuries that intent or expectation to injure can be inferred as a matter of law.

4. INSURANCE — POLICY EXCLUSIONS — BUSINESS PURSUITS.

A "business pursuit," for purposes of an insurance policy's exclusion of coverage for bodily injury or property damage arising out of business pursuits of the insured, is an activity engaged in continuously and for profit; the complained-of acts themselves need not be performed for profit but need only be performed during the business pursuit of the insured in order to fall under such exclusion.

*Mark D. Greenman, P.C. (by Michael A. Sosin),* for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton (by Michael L. Updike, Roger F. Wardle and Cynthia Cooper Adkison),* for defendant.

Before: WAHLS, P.J., and SULLIVAN and F. D. BALKWILL,* JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting summary disposition

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to defendant. Plaintiff sued defendant for failing to defend him in a lawsuit which alleged sexual harassment and discrimination. We affirm.

Plaintiff, his law firm and other individual members of the firm were sued for sexual harassment and discrimination under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* The complaint alleged "unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct and communication of a sexual nature" and that such conduct was "wilful, malicious and intentional." A jury found no cause of action as to all allegations of sexual harassment and discrimination but did award the complainant $11,100 for intentional infliction of emotional distress.

When plaintiff was served a summons in the sexual harassment and discrimination case, he notified defendant and demanded legal representation under his homeowner's insurance policy. Plaintiff forwarded all papers to defendant. Defendant responded that there may be a question of whether the policy covered this suit because the allegations indicated intentional acts arising out of an employment setting and that the complainant did not suffer any bodily injury. Defendant later refused to provide coverage or legal representation. Plaintiff then sued defendant. Defendant moved for summary disposition which was granted on the ground that defendant was not required to provide coverage or a defense in the absence of bodily injury. The court also denied plaintiff's motion for reconsideration. Plaintiff now appeals as of right.

Defendant moved for summary disposition under MCR 2.116(C)(10) claiming that there was no genuine issue as to any material fact and that judgment should be granted as a matter of law. Defen-

dant argued that it had no duty to defend plaintiff in the sexual harassment suit because the victim did not allege any specific physical injury and, thus, did not allege a "bodily injury" as defined in the insurance policy. Further, there was no "occurrence" as defined in the policy. Moreover, defendant argued that, even if these basic terms were met, defendant had no duty to defend because the injuries suffered by the victim were expected or intended from the viewpoint of plaintiff and arose out of plaintiff's business pursuit.

The existence of a duty to defend in this case depends on whether the underlying sexual harassment complaint's allegations arguably fell within the policy coverage. *The Detroit Edison Co v Michigan Mutual Ins Co,* 102 Mich App 136, 141-142; 301 NW2d 832 (1980). An insurer has the duty to look beyond the pleadings and to analyze whether coverage is at all possible. *Detroit Edison, supra.* The question presented then is whether plaintiff's homeowner's insurance policy provides for legal representation when plaintiff is sued for sexual harassment and discrimination occurring in the work place.

Plaintiff's homeowner's policy provides:

> This Company agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient.

"Bodily injury" is defined as follows:

"bodily injury": means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.

This Court has interpreted the words "bodily injury, sickness or disease" to require at least some physical manifestation of mental injuries. *National Ben Franklin Ins Co of Michigan v Harris,* 161 Mich App 86, 90; 409 NW2d 733 (1987). The complainant in the underlying sexual harassment suit did not allege any physical manifestations of her mental injuries. Her damages were described as

the indignity of sexual harassment, the invasion of her right to be free from discrimination, exacerbation of previously existing emotional distress; and continues to suffer mental anguish, outrage, severe anxiety about her future and her ability to support herself, painful humiliation and embarrassment among friends, undermining of self-esteem and motivation and loss of the ordinary pleasures of everyday life.

Accordingly, the above-described injuries do not satisfy the bodily injury requirement because they do not allege any physical manifestations of mental injuries.

Further, any bodily injury must arise from an "occurrence" as defined in the policy:

"[O]ccurrence": means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage.

An occurrence, as defined above, does not include intentional acts. Instead, it must involve an accident. The sexual harassment complaint did not allege an "accident" or "negligence." Rather, the

complaint, based on the Civil Rights Act, alleged that plaintiff's conduct was "wilful, malicious and intentional." Since the injuries alleged arose from intentional rather than accidental acts, there was no "occurrence."

Nor is coverage provided under the policy if the bodily injury is either "expected or intended" from the standpoint of the insured. In order for the expected or intended exclusion to take effect, the Michigan Supreme Court has required an intent to act as well as the intent to injure. *Putman v Zeluff,* 372 Mich 553; 127 NW2d 374 (1964). An injury is "expected" if it is the natural, forseeable, expected and anticipated result of an intentional act. *Allstate Ins Co v Freeman,* 160 Mich App 349; 408 NW2d 153 (1987). Some acts are so nearly certain to produce injuries that intent or expectation to injure can be inferred as a matter of law. *Linebaugh v Berdish,* 144 Mich App 750, 761; 376 NW2d 400 (1985).

The Court in *Linebaugh, supra,* inferred an intent to injure from a twenty-one-year-old's participation in sexual acts with a fourteen-year-old, noting that the Legislature had recognized that harm results to under-aged persons who engage in sexual intercourse. In passing the Civil Rights Act, the Legislature has perceived that certain harms result from sexual discrimination and harassment. Here, the alleged harassment, demotion and discharge were intentional acts, and the natural, forseeable and "expected" result of those acts was injury to the complainant. Because the alleged injury was "expected or intended" from the standpoint of the insured, it was excluded from coverage under plaintiff's homeowner's policy.

Finally, defendant had no duty to defend plaintiff because the alleged injuries arose from a "business pursuit" of the insured. Plaintiff's homeown-

er's policy excluded from coverage "bodily injury or property damage arising out of business pursuits of the insured except activities which are ordinarily incident to nonbusiness pursuits." A business pursuit is an activity engaged in continuously and for profit. *State Mutual Cyclone Ins Co v Abbott,* 52 Mich App 103; 216 NW2d 606 (1974). The complained-of acts themselves need not be performed for profit; the acts need only be performed during the business pursuit of the insured. *Frankenmuth Mutual Ins Co v Kompus,* 135 Mich App 667; 354 NW2d 303 (1984). In this case, the complained-of acts occurred at the law firm where plaintiff and the complainant worked. It is clear that the activities of the law firm where plaintiff practiced law were continuous and for profit.

Further support for this finding that the acts occurred during a business pursuit comes from the complainant's claim itself. Her Civil Rights Act claim could not legally exist but for an employer-employee relationship. In *Kermans v Pendleton,* 62 Mich App 576; 233 NW2d 658 (1975), this Court similarly used a "but for" analysis in excluding from coverage a bar owners's shooting of a patron. This Court noted that but for the business pursuit "the shooting would not have occurred." *Kermans,* 579. Here, the complained of acts could not, by definition, exist outside of the employer-employee relationship. Therefore, defendant did not have a duty to defend under its policy.

Since the sexual harassment and discrimination complaint alleged only intentional acts, not accidental occurrences, which arose during a business pursuit of the insured and caused no bodily injury, defendant had no duty to defend plaintiff. Therefore, the trial court properly granted summary disposition to defendant.

Affirmed.