Robert ZIMMERMAN, Appellant,

v.

SAFECO INSURANCE COMPANY
OF AMERICA, Respondent,

Auto–Owners Insurance Company,
et al., Defendants.

No. C9–98–1991.

Court of Appeals of Minnesota.

May 4, 1999.

Review Granted July 28, 1999.*

Andrew P. Engebretson, St. Paul, for appellant.

Lindsay G. Arthur, Jr., Paula Duggan Vraa, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, for respondent.

Considered and decided by SCHUMACHER, Presiding Judge, LANSING, Judge, and WILLIS, Judge.

## OPINION

WILLIS, Judge.

Appellant Robert Zimmerman challenges adverse summary judgment, claiming the district court erred in concluding that a homeowner's insurance policy issued to him by respondent Safeco Insurance Companies (Safeco) does not provide coverage for a sexual-harassment claim brought against him by one of his former employees. We affirm.

* GILBERT, J., took no part in the consideration of this case.

## FACTS

On claims by a former female employee against Zimmerman and his business, the district court concluded on March 4, 1997, that Zimmerman's conduct constituted sexual harassment and awarded the former employee compensatory damages of $197,858 and reasonable attorney fees. Zimmerman then sought a judgment declaring that Safeco, pursuant to a homeowner's policy that it issued to him, had a duty to defend and is obligated to indemnify him against the claims of his former employee.

Safeco brought a motion for summary judgment, claiming that there was no coverage under the policy because there was no occurrence within the policy period and because the occurrence arose out of Zimmerman's business pursuits. The district court granted Safeco's motion, concluding that the homeowner's insurance policy issued to Zimmerman does not provide coverage for the claim of sexual harassment because of the policy's business-pursuits exclusion.

## ISSUE

Did the district court err in concluding that a homeowner's insurance policy issued to Zimmerman by Safeco does not provide coverage for injuries related to his former employee's sexual-harassment claim because of the policy's business-pursuits exclusion?

## ANALYSIS

■ On appeal from summary judgment, this court asks "(1) whether there are any genuine issues of material fact and (2) whether the [district court] erred in [its] application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). In addition, we must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). Insurance policy interpretation is a question of law, subject to de novo review. *State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn.1992).

## I. Exclusion for Insured's Business Pursuits

■ Zimmerman claims the district court erred in concluding that the homeowner's insurance policy issued to him by Safeco does not provide coverage for a sexual-harassment claim brought against him by a former employee, arguing that the business-pursuits exclusion does not apply and that he is entitled to full protection under the policy.

■ "[A]n insurer has the burden of proving that a policy exclusion applies," and courts read such exclusions "narrowly against the insurer." *Id.* (citations omitted). Safeco's policy excludes from coverage bodily injury "arising out of business pursuits of any insured." But the exclusion does not apply to "activities which are ordinarily incident to non-business pursuits." The district court concluded the business relationship between Zimmerman and his former employee was inseparable from the underlying claim of sexual harassment and determined there was no coverage because of the policy's business-pursuits exclusion.

The supreme court has analyzed a homeowner's insurance policy containing a business-pursuits exclusion similar to the one here, stating:

[I]t is the nature of the particular act involved and its relationship, or lack of relationship, to the business that controls. Personal acts, such as pranks, do not become part of a business pursuit, so as to be outside coverage, merely because performed during business hours and on business property. In order for an act to be considered part of a business pursuit it must be an act that contributes to, or furthers the interest of, the business and one that is peculiar to it. It must be an act that the insured would not normally perform but for the business, and must be solely referrable [sic] to the conduct of the business.

*Milwaukee Mut. Ins. Co. v. City of Minneapolis*, 307 Minn. 301, 309, 239 N.W.2d 472, 476 (1976) (citation omitted).

But the purpose of the business-pursuits exclusion is to eliminate

coverage which is not essential to the purchasers of the policy and which would nor-

mally require specialized underwriting and rating, and thus keeps premium rates at a reasonable level.

*Grossman v. American Family Mut. Ins. Co.*, 461 N.W.2d 489, 495 (Minn.App.1990) (noting that "[c]ourts have taken divergent views on what constitutes a business pursuit") (citations omitted), *review denied* (Minn. Dec. 20, 1990). The supreme court has also stressed that, when analyzing such exclusions, courts must "construe the policy clause in question with reference to the facts in [each] particular case." *Milwaukee Mut. Ins. Co.*, 307 Minn. at 308, 239 N.W.2d at 476 (stating courts "can derive only general guidance from cases involving different fact situations") (citation omitted).

Zimmerman argues that the acts that were the basis of his former employee's claim of sexual harassment were activities that are ordinarily incident to non-business pursuits, relying on the exception to the business-pursuits exclusion in his homeowner's insurance policy. But the sexual harassment occurred in the context of a business relationship between Zimmerman and the complainant; he was her supervisor when she was employed by his company.

Courts in two other jurisdictions have analyzed application of facts like those here to homeowner's insurance policies containing business-pursuits exclusions. *See State Farm Fire & Cas. Co. v. Hiermer*, 720 F.Supp. 1310, 1315–16 (S.D.Ohio 1988) (applying exclusion to claim of racial discrimination), *aff'd*, 884 F.2d 580 (6th Cir.1989) (unpublished table decision); *Greenman v. Michigan Mut. Ins. Co.*, 173 Mich.App. 88, 433 N.W.2d 346, 349 (1988) (applying exclusion to claim of sexual harassment).

In *Hiermer*, the court explained that the conduct underlying the claim of racial discrimination was part of the business relationship between the supervisor-insured and the employee-claimant. 720 F.Supp. at 1315–16 (adding that exception to exclusion for activities ordinarily incident to non-business pur-

suits did not apply). Similarly, the court in *Greenman* noted that the claim of sexual harassment could not exist but for the employer-employee relationship and that the claim therefore arose out of the business pursuits of the insured. 433 N.W.2d at 349–50. Both courts denied coverage based on the policies' business-pursuits exclusions. *Hiermer*, 720 F.Supp. at 1316; *Greenman*, 433 N.W.2d at 350. We agree with these courts' analyses.

Zimmerman's unwelcome sexual advances and comments of a sexual nature, which occurred at a time when he was both the employer and supervisor of the complainant, constituted sexual harassment. The district court's conclusion was based on the complainant's allegations that her rejection of Zimmerman's advances resulted in adverse employment consequences and that his conduct created a hostile work environment. *See* Minn.Stat. § 363.01, subd. 41 (1998) (defining sexual harassment). Thus, the sexual-harassment claim would not have arisen but for the business relationship between Zimmerman and the complainant. *See* Minn. Stat. §§ 363.14, subd. 1(a) (1998) (creating cause of action for person seeking redress of unfair discriminatory practice), 363.03, subd. 1(2) (1998) (providing that discrimination by employer based on sex constitutes unfair discriminatory practice), 363.01, subd. 14 (1998) (stating that for purposes of discrimination based on sex, term "discriminate" includes sexual harassment).

■ Because the claim of sexual harassment could not exist but for the business relationship that existed between Zimmerman and his former employee, the district court did not err in concluding that the homeowner's insurance policy issued to Zimmerman by Safeco does not provide coverage for injuries related to this claim because of the policy's business-pursuits exclusion.[1]

## II. Additional Arguments

■ Zimmerman, anticipating arguments he expected Safeco to make on appeal, as-

---

1. We note that *Milwaukee Mut. Ins. Co.* suggests that for an act to be considered part of a business pursuit it must contribute to or further a business interest. 307 Minn. at 309, 239 N.W.2d at 476. But no act or acts that result in a claim against a business can truly be said to contribute to or

further a business interest. And we are constrained to avoid an interpretation of the insurance policy that would render the business-pursuits exclusion meaningless. *See Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 526 (Minn. 1990) (stating that courts will attempt to avoid

serts that (1) coverage should not be denied on the ground that there was no occurrence during the policy period and (2) the policy's intentional-acts exclusion cannot serve as a basis for denying coverage. But Safeco did not argue either issue on appeal, and, in any event, we generally review "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (citation omitted). Because the district court did not address the former issue and because the latter issue was not raised by Safeco in the district court, we address neither here.

### III. Negligence Claims

■ In his reply brief, Zimmerman claims for the first time in this appeal that the district court erred in failing to conclude that Safeco had a duty to defend against Zimmerman's former employee's claims of negligence, negligent infliction of emotional distress, and negligent hiring and retention. But issues not raised or argued in an appellant's brief are waived and cannot be revived in a reply brief. *McIntire v. State,* 458 N.W.2d 714, 717 n. 2 (Minn.App.1990), *review denied* (Minn. Sept. 28, 1990). Because Zimmerman waived this issue, we do not address it.

### DECISION

Because there are no genuine issues of material fact and because the district court did not err in concluding that the homeowner's insurance policy issued to Zimmerman by Safeco does not provide coverage for injuries related to his former employee's sexual-harassment claim because of the policy's business-pursuits exclusion, we affirm summary judgment for Safeco.

**Affirmed.**

interpretation of contract that would render provision meaningless); *Waseca Mut. Ins. Co. v. Noska,* 331 N.W.2d 917, 926 (Minn.1983) (providing that insurance policy is contract, subject to general principles of contract law). Finally, the employer-employee relationship that gave rise to the claim against Zimmerman and his business clearly did contribute to or further a business interest.