# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-0302

Benda for Common-sense, a Minnesota Non-Profit Corporation, et al.,
Appellants,

vs.

Denise Anderson, Director of Rice County Property and Tax Elections,
Respondent,

Minnesota Secretary of State Steve Simon,
Respondent.

**Filed December 18, 2023**
**Affirmed**
**Reyes, Judge**

Rice County District Court
File No. 66-CV-22-2022

Matthew L. Benda, Peterson, Kolker, Haedt & Benda, Ltd., Albert Lea, Minnesota (for appellants)

Ann R. Goering, Jordan H. Soderlind, Ratwik, Roszak & Maloney, P.A., St. Paul, Minnesota (for respondent Denise Anderson)

Keith Ellison, Attorney General, Nathan J. Hartshorn, Assistant Attorney General, St. Paul, Minnesota (for respondent Secretary of State)

Considered and decided by Bratvold, Presiding Judge; Reyes, Judge; and Smith, Tracy M., Judge.

## SYLLABUS

A proper defendant in a civil action brought under section 13.08, subdivision 4, of the Minnesota Government Data Practices Act (MGDPA), Minn. Stat. §§ 13.01-.90

(2022), is a "responsible authority" or "government entity," not a "designee" of a responsible authority.

**OPINION**

**REYES**, Judge

In this election-related dispute, appellants ask this court to reverse the district court's order dismissing an action to (1) compel compliance with the MGDPA's data disclosure provisions under Minn. Stat. § 13.08, subd. 4; (2) obtain a declaratory judgment under Minn. Stat. § 555.01 (2022) and injunctive relief under Minn. Stat. § 13.08, subd. 2; and (3) correct errors and omissions under Minn. Stat. § 204B.44 (2022). Appellants argue that the district court erred by (1) determining that a "designee" of a responsible authority may not be held liable in a civil action under the MGDPA and dismissing the case without first joining the responsible authority; (2) dismissing appellants' request for a declaratory judgment; and (3) determining that it lacked subject-matter jurisdiction under Minn. Stat. § 204B.44(b). We affirm.

**FACTS**

Appellants Benda for Common-sense (Benda), a Minnesota nonprofit corporation, and Kathleen Hagen (Hagen), an individual resident of Rice County, (collectively, appellants), initiated this action against Denise Anderson, the director of Rice County Property Tax and Elections, by a three-count complaint and petition filed in August 2022.

Appellants alleged that, since October 2021, they made three requests under the MGDPA for data related to the election procedures and the electronic voting system (EVS) used by Rice County to which Anderson "briefly, vaguely and incompletely" responded

2

and that subsequent requests went unanswered. Throughout their complaint and petition, appellants stated their concerns that "Rice County intends to destroy paper and electronic information from previous elections" that is subject to appellants' data requests. Further, appellants alleged that, for the November 2022 election, Anderson intended to utilize an EVS that had "hardware, software or features that are not properly approved, certified or secure" as required by Minnesota law.

Count I of appellants' complaint and petition sought to compel disclosure under Minn. Stat. § 13.08, subd. 4, based on their three data requests. Count II requested both a declaratory judgment under Minn. Stat. § 555.01 that Anderson had violated and continued to violate the MGDPA, and an injunction requiring Anderson to reform Rice County's procedures to ensure compliance with the MGDPA, Minn. Stat. § 13.08, subd. 2. Count III petitioned to correct errors and omissions under Minn. Stat. § 204B.44 and alleged that Anderson's plan to utilize an EVS that was not properly approved, certified, or secure in the November 2022 election constituted a "wrongful act, omission or error." Appellants sought, among other relief, an order prohibiting Rice County from implementing the challenged EVS and prohibiting Anderson from destroying any data scheduled for destruction on or after September 1, 2022, that was subject to appellants' data requests.

In September 2022, the Minnesota Secretary of State (the secretary) filed a notice of intervention limited to count III. The secretary opposed appellants' requests to require Rice County to retain government data beyond the statutory retention period and sought to defend Minnesota's election system, including equipment testing and certification.

Later in September, appellants moved for an order on count III to determine that Rice County's EVS machines contained embedded, uncertified, wireless modems and to prohibit Anderson from utilizing the modems. Anderson and the secretary both moved to dismiss count III, arguing in part that, because appellants had failed to serve all required parties, the district court lacked subject-matter jurisdiction. The district court heard the motions in October 2022.

In November 2022, Anderson moved for judgment on the pleadings on counts I and II, arguing that a civil action cannot be brought against Anderson under the MGDPA because she is only a "designee" and not the "responsible authority." Anderson's motion noticed a hearing date of December 14, 2022. Appellants opposed this motion by memorandum filed November 30, 2022, moved to join Sean Murphy, the Rice County responsible authority, and sought to compel disclosure of further election information. Because appellants served their motion too late to be considered at the December hearing, the district court set the hearing on appellants' motion for February 2023.

Following the December hearing, the district court dismissed appellants' complaint and petition. The district court granted Anderson's motion for judgment on the pleadings on counts I and II, determining that only a responsible authority or government entity may be held liable in a civil action under the MGDPA. For count III, the district court determined that it lacked subject-matter jurisdiction under Minn. Stat. § 204B.44(b) and that appellants' petition was moot. The district court cancelled the February 2023 motion hearing in its order for dismissal. This appeal follows.

4

**ISSUES**

I.     Did Did the district court err by dismissing appellants' MGDPA claim on count I?

II.    Did the district court err by dismissing appellants' request for a declaratory judgment on count II?

III.   Did the district court err by determining that it lacked subject-matter jurisdiction over appellants' petition for correction of errors and omissions on count III?

**ANALYSIS**

I.     **The district court did not err by dismissing appellants' MGDPA claim on count I.**

Appellants challenge the district court's determination that Anderson is not a proper defendant under Minn. Stat. § 13.08, subd. 4.  Alternatively, appellants maintain that the district court should have joined the Rice County responsible authority prior to dismissing appellants' claim.  We analyze each issue in turn.

A.     **The district court correctly determined that Anderson was not a proper defendant under Minn. Stat. § 13.08, subd. 4.**

Appellants challenge the district court's determination that Anderson is not a proper defendant under Minn. Stat. § 13.08, subd. 4.  We are not persuaded.

"On appeal from a grant of a motion for judgment on the pleadings under Minn. R. Civ. P. 12.03," an appellate court considers only the facts alleged in the complaint, accepting them "as true and drawing all reasonable inferences in favor of the nonmoving party." *Burt v. Rackner, Inc.*, 902 N.W.2d 448, 451 (Minn. 2017) (quotation omitted). Appellate courts "review a district court's decision on a [r]ule 12.03 motion de novo to

5

determine whether the complaint sets forth a legally sufficient claim for relief." *Id.* (quotation omitted).

Statutory interpretation begins with determining whether the statute's language is ambiguous on its face. *500, LLC v. City of Minneapolis*, 837 N.W.2d 287, 290 (Minn. 2013). A statute is ambiguous "only if it is susceptible to more than one reasonable interpretation." *Id.* If a statute is not ambiguous, a court "must apply the statute's plain meaning." *Id.* A court will "read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations" and will read words and phrases "to avoid absurd results and unjust consequences." *KSTP-TV v. Ramsey Cnty.*, 806 N.W.2d 785, 788 (Minn. 2011). "The proper construction of a statute is a question of law that [an appellate court] review[s] de novo." *State v. Ambaye*, 616 N.W.2d 256, 258 (Minn. 2000).

The district court dismissed appellants' claim on the basis that Anderson is a "designee" and not a "responsible authority." Under the MGDPA, a responsible authority "shall establish procedures . . . to insure that [data requests] are received and complied with in an appropriate and prompt manner" and "may designate one or more designees." Minn. Stat. § 13.03, subd. 2. A "responsible authority" in a political subdivision is defined as "the individual designated by the governing body [as] responsible for the collection, use, and dissemination of any set of data on individuals, government data, or summary data, unless otherwise provided by state law." Minn. Stat. § 13.02, subd. 16(b). A "designee" is "any person designated by a responsible authority to be in charge of individual files or

systems containing government data and to receive and comply with requests for government data." Minn. Stat. § 13.02, subd. 6.

Appellants argue that a "designee" is a proper defendant in an action to compel compliance under the MGDPA, Minn. Stat. § 13.08, subd. 4, and that the district court erred by considering the language of section 13.08, subdivision 1, to conclude otherwise. Appellants reason that a designee is a proper defendant under subdivision 4 because subdivision 4 addresses a different type of action than that addressed in subdivision 1 and the definition of "designee" includes an obligation to receive and comply with data requests. We disagree.

Appellants brought count I under Minn. Stat. § 13.08, subd. 4, of the MGDPA, which governs actions to compel compliance and provides:

> Actions to compel compliance may be brought either under this subdivision or section 13.085. For actions under this subdivision, *in addition to the remedies provided in subdivisions 1 to 3* or any other law, any aggrieved person seeking to enforce the person's rights under this chapter or obtain access to data may bring an action in district court to compel compliance with this chapter . . . . If the court determines that an action brought under this subdivision is frivolous and without merit and a basis in fact, it may award reasonable costs and attorney fees *to the responsible authority*. If the court issues an order to compel compliance under this subdivision, the court may impose a civil penalty of up to $1,000 *against the government entity. This penalty is . . . in addition to damages under subdivision 1*.

(Emphasis added.) Subdivision 1, which is cited twice in subdivision 4, governs actions for damages and provides:

> *[A] responsible authority or government entity which violates any provision of this chapter* is liable to a person . . . who

7

suffers any damage as a result of the violation, and the person damaged . . . *may bring an action against the responsible authority or government entity* to cover any damages sustained, plus costs and reasonable attorney fees.

Minn. Stat. § 13.08 (emphasis added).  Similarly, subdivision 2 provides for a means of obtaining an injunction against a "responsible authority or government entity." *Id*. Subdivision 3 governs venue in any section 13.08 action. *Id*.

Although subdivision 4 is not as explicit as subdivisions 1 and 2, reading and construing section 13.08 as a whole requires the conclusion that a "designee" is not a proper defendant in a civil action; rather, a proper defendant is a responsible authority or government entity. *KSTP-TV*, 806 N.W.2d at 788.  Even though the subdivisions of section 13.08 outline various civil actions, the subdivisions are interrelated.  Subdivisions 1, 2, and 4 govern specific actions and subdivision 3 governs venue for *all* of those actions. Subdivisions 1 and 2 both explicitly provide that a "responsible authority or government entity" can be held liable in an action for damages or be enjoined by a district court and subdivision 4 provides that an action to compel compliance may be brought "*in addition to the remedies provided under subdivisions 1 to 3.*"  Subdivision 4 further provides that if a court determines an action to be frivolous and without merit, it may award costs and attorney fees to *the responsible authority* or may penalize *the government entity* if it ultimately issues an order to compel.  Notably, section 13.08 never mentions a "designee." Reading and construing the subdivisions of section 13.08 as a whole, the only proper defendant under section 13.08, including under subdivision 4, is a responsible authority or a government entity.

8

Further, the plain statutory language describing a "responsible authority" and a "designee" supports the distinction. As set forth above, the responsible authority is charged with establishing "procedures . . . to insure that [data requests] are received and complied with in an appropriate and prompt manner." Minn. Stat. § 13.03, subd. 2(a). In contrast, a "designee," at the pleasure of the responsible authority, is simply designated "to be in charge of individual files or systems containing government data and to receive and comply with requests for government data." Minn. Stat. § 13.02, subd. 6. While data requests can be made by persons to a responsible authority or designee and both are required to "provide copies of public data upon request," the responsible authority alone is obligated to establish procedures to comply with the MGDPA. Minn. Stat. § 13.03, subds. 2, 3(a), (c).

Even *Wiegel v. City of St. Paul*, the case appellants cite in support of their argument, demonstrates that the subdivisions of section 13.08 must be read together. 639 N.W.2d 378 (Minn. 2002). In *Wiegel*, the supreme court considered the appellant's motion to compel compliance with the MGDPA and noted that section 13.08 provides for various actions. *Id.* at 382. However, the supreme court also noted that "persons seeking access to data may bring a court action [under Minn. Stat. § 13.08, subds. 1, 2, or 4(a)] *against the governmental entity* in control of the data." *Id.* (emphasis added). *Wiegel* therefore supports our conclusion that the only reasonable interpretation of section 13.08 is that a "designee" is not a proper defendant.

Because section 13.08 is unambiguous when read as a whole, we agree with the district court and hold that a proper defendant in a civil action brought under section 13.08,

subdivision 4, of the MGDPA is a "responsible authority" or "government entity," not a "designee" of a responsible authority.

### B. The district court did not err when it dismissed appellants' claim without first joining the Rice County responsible authority as a defendant.

Appellants argue that, even if a designee is not a proper defendant under Minn. Stat. § 13.08, subd. 4, the district court erred by dismissing the case prior to joining Rice County's responsible authority as a necessary party under Minn. R. Civ. P. 19.01. We disagree.

Appellate courts review a district court's application of the Minnesota Rules of Civil Procedure de novo. *Schulz v. Town of Duluth*, 936 N.W.2d 334, 338 (Minn. 2019). Minn. R. Civ. P. 19.01 provides, in part, that "[a] person who is subject to service of process shall be joined as a party in the action if (a) in the person's absence complete relief cannot be accorded among those already parties, or (b) the person claims an interest relating to the subject of the action."

Appellants cite to *Schulz* in support of their argument that the responsible authority should have been joined. 936 N.W.2d 334. In *Schulz*, appellants challenged a municipality's zoning variance decision to the district court under Minn. Stat. § 462.361 (2018). *Id.* at 337. Appellants had served the decisionmaker municipality within the required timeframe, but did not timely serve the other necessary party, the variance applicant. *Id.* The district court dismissed the variance applicant for improper service and then dismissed the action with prejudice for failure to join a necessary and indispensable party. *Id.* at 337-38. While this court affirmed, the supreme court reversed, concluding

that, because Minn. Stat. § 462.361 did not require service on any particular individual and the municipality held the decisionmaking power, timely serving the municipality was enough to perfect the appeal and establish the district court's jurisdiction. *Id.* at 339. The supreme court further analyzed rule 19.01 to conclude that, once a district court has jurisdiction over a matter, it must use rule 19.01 to join all necessary parties. *Id.* at 341.

*Schulz* is inapplicable here. In *Schulz*, a proper defendant was served and that was sufficient to perfect the appeal in the district court. *Schulz* does not address a case in which dismissal resulted from a plaintiff's failure to name and serve any proper defendant. Consequently, the district court did not err by dismissing count I without joining the Rice County responsible authority.

## II. The district court did not err by dismissing appellants' request for a declaratory judgment on count II.

Appellants also argue that the district court erred by dismissing appellants' "separate and independent" request for a declaratory judgment under Minn. Stat. § 555.01 because a "justiciable controversy existed" regarding whether Rice County's procedures and practices comply with the MGDPA.[1] We are not persuaded.

The district court did not address this argument because it correctly determined that appellants failed to name a proper defendant under the MGDPA. Without a proper defendant, the district court could not determine a controversy under Minn. Stat. § 555.01. *Anderson v. Cnty. of Lyon*, 784 N.W.2d 77, 80 (Minn. App. 2010) (noting that Minn. Stat.

---

[1] Appellants did not challenge the district court's dismissal of their count II request for an injunction under Minn. Stat. § 13.08, subd. 2.

11

§ 555.01 is not an independent source of jurisdiction), *rev. denied* (Minn. Aug. 24, 2010).

Further, this court has explained:

> Declaratory judgments do not determine violations of law; they determine rights, status, and other legal relations. In the context of the MGDPA, that means determining whether an entity is subject to an MGDPA requirement or determining whether particular records are public, private, or confidential. It is not a remedy that is available to determine that a responsible authority *violated* the MGDPA.

*Adams v. Harpstead*, 947 N.W.2d 838, 845 (Minn. App. 2020) (emphasis added) (quotation and citations omitted), *rev. denied* (Minn. Oct. 1, 2020). Rather, declaratory relief is preventative. *Id.*

In their complaint and petition, appellants sought a "declaration that [Anderson] has violated the MGDPA" in response to appellants' data requests and that "[Anderson's] procedures for responding to data requests do violate and continue to violate the MGDPA." Because a declaratory judgment under Minn. Stat. § 555.01 is not an independent source of jurisdiction and cannot be used to determine violations of the MGDPA, the district court did not err by dismissing count II.

**III. The district court did not err by determining that it lacked subject-matter jurisdiction over count III.**

Appellants argue that the district court "erred by not prohibiting the use of Modems in Rice County's Election Machines." Appellants' argument fails.

As an initial matter, we note that appellants' principal brief addresses count III on the merits and does not address the district court's determination that it lacked subject-matter jurisdiction over appellants' petition on count III. Appellants address subject-matter

jurisdiction in their reply brief. Anderson and the secretary both contend that appellants' failure to address the district court's reasons for dismissal in their principal brief is fatal to the appeal, citing *Zimmerman v. Safeco Ins. Co. of Am.*, 593 N.W.2d 248, 251 (Minn. App. 1999) ("[I]ssues not raised or argued in an appellant's brief are waived and cannot be revived in a reply brief."), *aff'd*, 605 N.W.2d 727 (Minn. 2000), and *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellants' brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

"Subject-matter jurisdiction is the court's authority to hear the type of dispute at issue and to grant the type of relief sought." *Seehus v. Bor-Son Constr., Inc.*, 783 N.W.2d 144, 147 (Minn. 2010). "Subject matter jurisdiction . . . cannot be waived, and it can be raised at any time in the proceeding." *Tischer v. Hous. & Redev. Auth.*, 693 N.W.2d 426, 430 (Minn. 2005) (citing Minn. R. Civ. P. 12.08(c)). Because subject-matter jurisdiction cannot be waived, we address it.

The district court determined that it lacked subject-matter jurisdiction in part because appellants failed to comply with the service requirements of Minn. Stat. § 204B.44. As noted above, this raises legal questions of statutory interpretation and subject-matter jurisdiction that appellate courts review de novo. *Tischer*, 693 N.W.2d at 428. "Whether a court has subject-matter jurisdiction to hear and determine a particular class of actions and the particular questions presented generally depends on the scope of

13

the constitutional and statutory grant of authority to the court." *McCullough & Sons, Inc. v. City of Vadnais Heights*, 883 N.W.2d 580, 585 (Minn. 2016) (quotation omitted).

Our caselaw supports that, when a statute expressly requires a plaintiff to serve the initial pleading on specified parties, service on those parties is necessary to establish the court's subject-matter jurisdiction over the action. *Woodhall v. State*, 738 N.W.2d 357, 361-63 (Minn. 2007). We have also noted that for purely statutory rights, "in order for the district court to acquire jurisdiction the provisions of the statute relating to filing and serving of the notice must be strictly followed." *Rachner v. Growe*, 400 N.W.2d 749, 751 (Minn. App. 1987) (addressing jurisdiction under statute governing election contests), *rev. denied* (Minn. Apr. 17, 1987).

The plain language of Minn. Stat. § 204B.44(b) requires that "[t]he petitioner *shall* serve a copy of the petition . . . on all candidates for the office in the case of an election for state, federal, county, municipal, or school district office, and on any other party as required by the court." (Emphasis added.) Appellants do not dispute that they failed to serve a copy of the petition on all candidates that ran for office in the November 2022 election. Rather, they argue that service on all candidates is not required for non-ballot-error petitions unless the district court determines additional parties are required and that, because the November 2022 election has passed, there are no candidates with an interest in the outcome of this appeal.

The language of Minn. Stat. § 204B.44(b) is plain and unambiguous. There is no distinction in the statute for ballot-error versus non-ballot-error petitions, and when a statute is unambiguous, we cannot read in additional words. *See 328 Barry Ave., LLC v.*

14

*Nolan Props. Grp.*, 871 N.W.2d 745, 750 (Minn. 2015). Appellants' petition for correction of errors and omissions in the November 2022 election references "an election." As a result, to establish the district court's subject-matter jurisdiction over the action, appellants were required to serve all candidates running for offices in that election with a copy of the petition. Appellants' contention that no candidates have an interest in the outcome of this appeal is irrelevant given the plain language of the statute.

Because we conclude that the district court appropriately determined that it lacked subject-matter jurisdiction due to appellants' failure to comply with the service requirements of section 204B.44, we do not reach the other grounds on which the district court determined it lacked subject-matter jurisdiction.

## DECISION

We hold that a proper defendant in a civil action brought under section 13.08, subdivision 4, of the MGDPA is a "responsible authority" or "government entity," not a "designee" of a responsible authority. We also conclude that the district court did not err by dismissing appellants' MGDPA claim without first joining the responsible authority, that appellants were not entitled to declaratory judgment under Minn. Stat. § 555.01, and that the district court lacked subject-matter jurisdiction over appellants' petition under Minn. Stat. § 204B.44.

**Affirmed.**